JUDGE'S AND CLERK'S CERTIFICATE
_____

IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

Trout Point Lodge ET AL

VERSUS

Handshoe, Douglas K

CAUSE NO. 15-0458

    I, Karen Ladner Ruhr, the duly elected, qualified and acting Circuit Clerk of Hancock County, Mississippi, do hereby certify that the foregoing pages are and constitute a true and correct copy of the requested documents in regard to the above-entitled case. **Given under my hand and official seal of office** this the 15 day of January, 2016.

Circuit Clerk, Hancock County

STATE OF MISSISSIPPI
COUNTY OF HANCOCK

    I, CHRISTOPHER L SCHMIDT, Judge of the Circuit Court of Hancock County, Mississippi do hereby certify that **KAREN LADNER RUHR**, whose name is subscribed to the Clerk's Certificate of attestation, now is, and was at the time of signing and sealing the same, the Clerk of the Circuit Court of Hancock County, and keeper of the records and seal thereof, duly elected and qualified to office; that full faith and credit are, and of right ought to be, attached to all her official acts, as such, in all courts of record and elsewhere, and further that her said attestation is in due form of law, and by the proper officer.

    Given under my hand, this 15 day of January, 2016.

Judge of Circuit Court of
Hancock County, Mississippi

STATE OF MISSISSIPPI
COUNTY OF HANCOCK

    I, **KAREN LADNER RUHR**, Clerk of the Circuit Court of Hancock County, do hereby certify that Christopher L Schmidt, whose name is subscribed to the above certificate of attestation, now is, and was, at the time of signing the same, Judge of said Circuit Court, and was duly elected commissioned, and qualified to office; that full faith and credit are, and of right ought to be, given to all her official acts as such, in all courts of record and elsewhere, and that her attestation is in due form of law, and by the proper officer.

    Given under my hand, the seal of said court, at Bay St. Louis, in said county this the 15 day of January, 2016.

Circuit Clerk, Hancock County

Case 1:16-cv-00007-LG-RHW  Document 2  Filed 01/19/16  Page 2 of 43
General                    Judge Christopher Louis Schmidt
Case Number 15-0458
TROUT POINT LODGE, CHARLES LEARY ET AL
         vs.
HANDSHOE, DOUGLAS K.                              PAGE   1 of   1 *BOTTOM*
         DATE                F19-PRINT/EMAIL                 MBK IMG/VIEW

|     | DATE     | Description                                          | MBK | IMG/VIEW |
|-----|----------|------------------------------------------------------|-----|----------|
| 1)  | 01/07/16 | NOTICE OF FILING OF REMOVAL                          | Y   | N        |
| 2)  | 12/18/15 | MOTION TO STRIKE AND/OR PERMANENTLY STAY             | Y   | N        |
| 3)  | 12/14/15 | GREEN CARD EXECUTED ON DOUGLAS HANDSHOE 12-11-15     | Y   | N        |
| 4)  | 12/11/15 | CERTIFIED LETTER MAILED TO DEFENDANT                 | Y   | N        |
| 5)  | 12/09/15 | NOTICE OF FILING OF FOREIGN JUDGMENT MAILED TO DEF   | Y   | N        |
| 6)  | 12/09/15 | JUDGMENT                                             | Y   | N        |
| 7)  | 12/09/15 | AFFIDAVIT OF FILING FOREIGN JUDGMENT                 | Y   | N        |
| 8)  |          |                                                      |     | N        |
| 9)  |          |                                                      |     | N        |
| 10) |          |                                                      |     | N        |
| 11) |          |                                                      |     | N        |
| 12) |          |                                                      |     | N        |
| 13) |          |                                                      |     | N        |
| 14) |          |                                                      |     | N        |
| 15) |          |                                                      |     | N        |

 F20-ADD NEW ITEM     F1-15 EDIT ITEMS     F16-SORT    F18-PRINT DOCKET   F24-EXIT



**AFFIDAVIT OF KENNETH T. O'CAIN**

FILED

DEC 0 9 2015

KAREN LADNER RUHR
CIRCUIT CLERK HANCOCK CO.
BY _____ D.C.

STATE OF MISSISSIPPI

COUNTY OF MADISON

    THIS DAY personally appeared before me, the undersigned authority in and for

the jurisdiction aforesaid, the within named KENNETH T. O'CAIN, who, after being

duly sworn, did state on his oath the following, to-wit:

    1. My name is Kenneth T. O'Cain, and I represent the judgment creditors,

Vaughn Perret, Charles Leary and Trout Point Lodge Limited.

    2. That pursuant to § 11-7-305 of the Miss. Code of 1972, based upon information

and belief, that **the name and last known post office address of the judgment debtor**

**herein is, Douglas Handshoe, Post Office Box 788 Wiggins, Mississippi 39577 AND**

**214 Corinth Drive, Bay St. Louis, Mississippi 39520**; and the name and last known

post office address of the judgment creditors is 189 Troutpoint Road, East Kemptville,

NS  B5A 5X9.

    FURTHER Affiant sayeth not

                    _____
                    Kenneth T. O'Cain


    **SWORN TO AND SUBSCRIBED BEFORE ME,** on this the _30th_ day of
_November_, 2015.

                    _____
                    NOTARY PUBLIC

MY COMMISSION EXPIRES:

_Feb 16, 2018_

[SEAL]

STATE OF MISSISSIPPI
JAMIE W. ABLES
ID No
28643
NOTARY PUBLIC
Comm Expires
February 16, 2018
MADISON COUNTY

# O'CAIN LAW FIRM, PLLC

KENNETH T. O'CAIN, ESQ.
567 HIGHWAY 51
SUITE C
RIDGELAND, MISSISSIPPI 39157

TELEPHONE: 601-832-0990
EMAIL: TREY@OCAINLAW.COM

December 7, 2015

FILED

DEC 0 9 2015     15-0458

KAREN LADNER RUHR
CIRCUIT CLERK, HANCOCK CO.
BY_____D.C.

Karen Ladner Ruhr
Hancock County Circuit Clerk
152 Main Street, Ste. B
Bay St. Louis 39520

Re:   *Perret, et. al v. Handshoe*, In the Circuit Court of Hancock County,
      Mississippi, Civil Action No.: _____

Dear Ms. Ruhr:

Enclosed please find Plaintiff's Civil Cover Sheet and filing fee in the amount of
$161.00. Also enclosed please find the original and one copy of the following for filing:

1.   Affidavit of Filing Foreign Judgment;
2.   Certified Copy of Final Judgment for Plaintiffs as issued by the captioned
Court.

Please file same in the manner prescribed by Miss. Code Ann. § 11-7-305 (1972), as
amended, and return the filed copy of the enclosed documents to my attention in the
enclosed, postage prepaid envelope. I would also request that you mail notice to the
judgment debtor at the address provided and make note of such in your docket in
accordance with this statute. Thank you for your attention to this matter.

Very truly yours,

Kenneth T. O'Cain

Enclosures

**COVER SHEET**
**Civil Case Filing Form**
*(To be completed by Attorney/Party*
*Prior to Filing of Pleading)*

| Court Identification Docket # | Case Year | Docket Number |
|---|---|---|
| 2 3 | 1 | CI | 2 0 1 5 | 0 4 5 8 |
| County # | Judicial District | Court ID (CH, CI, CO) | | | Local Docket ID |

| Month | Date | Year |
|---|---|---|
| 1 2 | 0 9 | 1 5 |

Mississippi Supreme Court        Form AOC/01
Administrative Office of Courts        (Rev 2009)

This area to be completed by clerk        Case Number if filed prior to 1/1/94

In the CIRCUIT        Court of  HANCOCK        County  —        Judicial District

**Origin of Suit (Place an "X" in one box only)**

| | | |
|---|---|---|
| ☐ Initial Filing | ☐ Reinstated | ☒ Foreign Judgment Enrolled | ☐ Transfer from Other court | ☐ Other |
| ☐ Remanded | ☐ Reopened | ☐ Joining Suit/Action | ☐ Appeal | |

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual _____

|  Last Name  |  First Name  |  Maiden Name, if applicable  |  M.I.  |  Jr/Sr/III/IV  |

____ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____
____ Check ( x ) if Individual Planitiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency _____

Business  Trout Point Lodge, Ltd
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
____ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A _____

Address of Plaintiff  189 Trout Point Road, East Kemptville, NS B5A 5X9

Attorney (Name & Address)  Kenneth T. O'Cain, 567 Highway 51, Ste C, Ridgeland, MS 39157        MS Bar No.  101124
____ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing:  *K.T. O'C*

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual  Handshoe        Douglas

|  Last Name  |  First Name  |  Maiden Name, if applicable  |  M.I.  |  Jr/Sr/III/IV  |

____ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____
____ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency _____

Business _____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
____ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A _____

Attorney (Name & Address) - If Known _____        MS Bar No. _____

**Damages Sought:**        Compensatory $ _____        Punitive $ _____        ____ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| ☐ Child Custody/Visitation | ☐ Accounting (Business) | ☐ Adoption - Contested | ☐ Adverse Possession |
| ☐ Child Support | ☐ Business Dissolution | ☐ Adoption - Uncontested | ☐ Ejectment |
| ☐ Contempt | ☐ Debt Collection | ☐ Consent to Abortion Minor | ☐ Eminent Domain |
| ☐ Divorce:Fault | ☐ Employment | ☐ Removal of Minority | ☐ Eviction |
| ☐ Divorce: Irreconcilable Diff. | ☒ Foreign Judgment | ☐ Other | ☐ Judicial Foreclosure |
| ☐ Domestic Abuse | ☐ Garnishment | **Civil Rights** | ☐ Lien Assertion |
| ☐ Emancipation | ☐ Replevin | ☐ Elections | ☐ Partition |
| ☐ Modification | ☐ Other | ☐ Expungement | ☐ Tax Sale: Confirm/Cancel |
| ☐ Paternity | **Probate** | ☐ Habeas Corpus | ☐ Title Boundary or Easement |
| ☐ Property Division | ☐ Accounting (Probate) | ☐ Post Conviction Relief/Prisoner | ☐ Other |
| ☐ Separate Maintenance | ☐ Birth Certificate Correction | ☐ Other | **Torts** |
| ☐ Termination of Parental Rights | ☐ Commitment | **Contract** | ☐ Bad Faith |
| ☐ UIFSA (eff 7/1/97; formerly URESA) | ☐ Conservatorship | ☐ Breach of Contract | ☐ Fraud |
| ☐ Other | ☐ Guardianship | ☐ Installment Contract | ☐ Loss of Consortium |
| **Appeals** | ☐ Heirship | ☐ Insurance | ☐ Malpractice - Legal |
| ☐ Administrative Agency | ☐ Intestate Estate | ☐ Specific Performance | ☐ Malpractice - Medical |
| ☐ County Court | ☐ Minor's Settlement | ☐ Other | ☐ Mass Tort |
| ☐ Hardship Petition (Driver License) | ☐ Muniment of Title | **Statutes/Rules** | ☐ Negligence - General |
| ☐ Justice Court | ☐ Name Change | ☐ Bond Validation | ☐ Negligence - Motor Vehicle |
| ☐ MS Dept Employment Security | ☐ Testate Estate | ☐ Civil Forfeiture | ☐ Product Liability |
| ☐ Worker's Compensation | ☐ Will Contest | ☐ Declaratory Judgment | ☐ Subrogation |
| ☐ Other | ☐ Other | ☐ Injunction or Restraining Order | ☐ Wrongful Death |
| | | ☐ Other | ☐ Other |

IN THE <u>CIRCUIT</u> COURT OF <u>HANCOCK</u> COUNTY, MISSISSIPPI

_____ JUDICIAL DISTRICT, CITY OF _____

Docket No._____ - _____   _____
     File Yr       Chronological No.    Clerk's Local ID

Docket No. If Filed
Prior to 1/1/94 _____

### PLAINTIFFS IN REFERENCED CAUSE - Page 1 of ___ Plaintiffs Pages
### IN ADDITION TO PLAINTIFF SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Plaintiff #2:**

**Individual:** <u>Perret</u> _____ <u>Vaughn</u> _____ ( _____ ) _____ _____
           Last Name         First Name     Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
         Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF:** _____ Bar # or Name: <u>Kenneth T. O'Cain-101124</u>   *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

---

**Plaintiff #3:**

**Individual:** <u>Leary</u> _____ <u>Charles</u> _____ ( _____ ) _____ _____
           Last Name         First Name     Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
         Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF:** _____ Bar # or Name: <u>Kenneth T. O'Cain-101124</u>   *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

---

**Plaintiff #4:**

**Individual:** _____ _____ ( _____ ) _____ _____
           Last Name         First Name     Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
         Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF:** _____ Bar # or Name: _____   *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

FEE BILL, CIVIL CASES, CIRCUIT COURT

State of Mississippi
Hancock County

TROUT POINT LODGE, CHARLES LEARY,VAUGHN  VS HANDSHOE, DOUGLA

Case # 15-0458          Acct #          Paid By CHECK 1199          Rct#   29337
----------------------------------------------------------------------------

| | |
|---|---:|
| CLERK'S FEES | 85.00 |
| JURY TAX | 3.00 |
| COURT REPORTERS FEE | 10.00 |
| LAW LIBRARY | 2.50 |
| COURT ADMINISTRATOR | 2.00 |
| STATE CT ED FUND | 2.00 |
| COURT CONSTITUENTS | .50 |
| ELECTRONIC COURT | 10.00 |
| LEGAL ASSISTANCE | 5.00 |
| JUDICIAL FUND-JUDGE RAISE | 40.00 |
| ARCHIVE FEE | 1.00 |

                                   ===========
                           Total   $   161.00
----------------------------------------------------------------------------


Payment received from  Kenneth T. O'Cain
                       725 Avignon Drive
                       PO Box 13847

                       Jackson        MS 39236 3847

Transaction   33705 Received 12/ 9/2015 at 13: 1 Drawer   1 I.D. JASON

Current Balance Due        $0.00          Receipt Amount $   161.00

   By _____ D.C.  Karen Ladner Ruhr, Circuit Clerk


Case # 15-0458          Acct #          Paid By CHECK 1199          Rct#   29337

Hfx No. 413345

FILED

DEC 09 2015

KAREN LADNER RUHR
CIRCUIT CLERK, HANCOCK CO.
BY _____ D.C.

## SUPREME COURT OF NOVA SCOTIA

BETWEEN:

**Trout Point Lodge Ltd., Charles Leary & Vaughn Perret**

Plaintiff

- and -

**Douglas K. Handshoe**

Defendant

## ORDER

**BEFORE THE HONOURABLE JUSTICE KEVIN COADY:**

**WHEREAS** the Court is satisfied that the Defendant Douglas K. Handshoe was personally served with notice of this action;

**AND WHEREAS** the Defendant Douglas K. Handshoe filed a Demand for Notice and did not file a Defence to this action;

**AND WHEREAS** the Court is satisfied that the Defendant Douglas K. Handshoe received notice of this assessment of damages;

**AND AFTER HAVING REVIEWED** the Plaintiff's evidence, exhibits and submissions and being satisfied that the Defendant Douglas K. Handshoe infringed all three plaintiffs copyright in photographic images throughout 2012 and 2013.

**IT IS ORDERED:**

1. **THAT** the Defendant Douglas K. Handshoe pay the sum of twenty thousand Canadian dollars ($20,000) in statutory damages to Charles Leary;

2. **THAT** the Defendant Douglas K. Handshoe pay the sum of forty thousand Canadian dollars ($40,000) in statutory damages to Trout Point Lodge Ltd.;

3. **THAT** the Defendant Douglas K. Handshoe pay the sum of twenty thousand Canadian dollars ($20,000) in statutory damages to Vaughn Perret;

4. **THAT** the Defendant Douglas K. Handshoe pay all the Plaintiffs the sum of one hundred thousand Canadian dollars ($100,000) in punitive damages.

**DATED** at Halifax, Nova Scotia, this **26**th day of **February, 2014.**

_____
**Prothonotary**

FILED

DEC 0 9 2015

15-0458

### SUPREME COURT OF NOVA SCOTIA
### CERTIFICATE

KAREN LADNER RUHR
CIRCUIT CLERK, HANCOCK CO.
BY _____ D.C.

I, *Caroline McInnes*, Prothonotary (chief court clerk) of the Supreme Court of Nova Scotia, Canada, do certify that the following constitutes a true and correct copy and a literal transcript of the Order regarding damages for copyright infringement of Supreme Court Justice Kevin Coady in the matter of Trout Point Lodge, Limited, Charles Leary, and Vaughn Perret versus Douglas K. Handshoe, No. 411345, dated February 26, 2014, and initialled by Justice Coady, as the same now appears on file in my office of record.

AND I FURTHER CERTIFY that said Supreme Court of Nova Scotia is a court of record with an official seal, and that I as Prothonotary of Said Supreme Court of Nova Scotia, am the custodian of records and of the seal of Said Court.

IN TESTIMONY WHEREOF, I have hereto set my hand and affixed the seal of this said Court, at the city of Halifax, Nova Scotia, on this *19th* day of *November* in the year of our lord two-thousand and fifteen.

_____ (sign)

Caroline McInnes _____ (print)
Prothonotary
PROTHONOTARY OF THE
SUPREME COURT OF NOVA SCOTIA

PROVINCE OF NOVA SCOTIA

I, *Kevin Coady*, a Justice of the Supreme Court of Nova Scotia, do hereby certify that *Caroline McInnes* (Prothonotary) who's true signature appears to the forgoing Certificate is now and was at the date of said Certificate, the Prothonotary (chief court clerk) of the Supreme Court of Nova Scotia, duly qualified according to law and that her said Certificate is in due form of law; that the seal hereto attached is the genuine seal of said Supreme Court of Nova Scotia, and that Said Court is a Court of Record.

Witness my signature, this *19* day of *November* A.D. 2015

JUSTICE KEVIN COADY
JUSTICE

SUPREME COURT OF NOVA SCOTIA

I, *Caroline McInnes*, Prothonotary of the Supreme Court of Nova Scotia, do hereby certify that *Justice Coady*, who's signature appears to the annexed and foregoing attestation, is now and was at the date of said Certificate, a Justice of the Supreme Court of Nova Scotia, duly appointed by lawful authority and legally qualified, and that the Certificate and Attestation are in due form of law, and that the Supreme Court of Nova Scotia is the highest trail court in the Province of Nova Scotia and a Court of Record.

_____ (sign)

Caroline McInnes _____ (print)
PROTHONOTARY
PROTHONOTARY OF THE
SUPREME COURT OF NOVA SCOTIA

IN THE SUPREME COURT OF NOVA SCOTIA

I hereby certify that the foregoing document
is a true copy of the original.

Dated 19th day of November 2015

_____
Prothonotary

Caroline McInnes
Prothonotary

IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

Trout Point Lodge, LTD
Charles Leary
Vaughn Perret
VERSUS

CAUSE NO. 15 - 0458

Douglas K. Handshoe

CLERK'S NOTICE OF FILING OF FOREIGN JUDGMENT

COMES NOW Judgment Creditor, Trout Point Lodge Charles Leary Vaughn Perret , and

files this its' Notice of filing Foreign Judgment as follows:

1. The name and address of the Judgment Creditor is Trout Point Lodge Charles Leary Vaughn Perret

_____.

2. The name and address of the Judgment Creditor's Attorney in the State of

Mississippi is Kenneth T O'Cain .

3. A true and accurate copy of the Judgment in favor of Trout Point Lodge,

Charles Leary, Vaughn Perret .

is attached; and

4. The name and address of the Judgment Debtor is: Douglas Handshoe

Po Box 788 Wiggins, MS 39577 .

This the 9th day of Dec 2015

Karen Ladner Ruhr
Circuit Clerk
Hancock County, Ms

By_____   D.C.



U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Sent To Douglas Handshoe   15-0438
Street, Apt. No.; or PO Box No. 214 Corinth Drive
City, State, ZIP+4 Bay St Louis MS 39520

PS Form 3800, August 2006          See Reverse for Instructions

7014 1200 0001 6552 3808



FILED

DEC 1 1 2015

KAREN LADNER RUHR
CIRCUIT CLERK HANCOCK CO.
BY _____ D.C.



FILED

DEC 1 4 2015

KAREN LADNER RUHR
CIRCUIT CLERK, HANCOCK CO.
BY_____D.C.

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

1. Article Addressed to:    15-0458

Douglas Handshoe
214 Corinth Drive
Bay St. Louis, MS
                    39520

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____    ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                  12-11

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail®      ☐ Priority Mail Express™
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7014 1200 0001 6652 3808

PS Form 3811, July 2013    Domestic Return Receipt

IN THE CIRCUIT COURT OF HANCOCK COUNTY

STATE OF MISSISSIPPI

FILED

DEC 1 8 2015

KAREN LADNER RUHR
CIRCUIT CLERK, HANCOCK CO.
BY _____ D.C.

| | | |
|---|---|---|
| VAUGHN PERRET | ) | |
| CHARLES LEARY | ) | PLAINTIFFS |
| TROUT POINT LODGE, LTD, A Nova | ) | |
| Limited Company | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-0458 |
| | ) | |
| DOUGLAS HANDSHOE | ) | DEFENDANT |

## MOTION TO STRIKE AND/OR PERMANENTLY STAY

**NOW INTO COURT** through undersigned Counsel comes Defendant Douglas

Handshoe pursuant to Rule 12(f) of the Mississippi Rules of Civil Procedure who respectfully

moves this Honorable Court to strike and/or permanently stay Plaintiffs' Foreign Judgment and

offers the following in support thereof:

## FACTUAL BACKGROUND

The foreign country judgment at issue in this matter stems from the third of three

Canadian defamation suits filed against Defendant in his personal capacity by Plaintiffs Vaughn

Perret, Charles Leary and Trout Point Lodge of Nova Scotia in collusion with their Louisiana

business partner, suspended attorney Daniel G. "Danny" Abel (The Trout Point Group) in the

time period from August, 2011 to January, 2013 in Canada over content published to the website

belonging to Slabbed New Media, LLC, a Mississippi Limited Liability Company. These

Canadian defamation actions were in direct retaliation against Defendant and his media company

Slabbed New Media LLC for exposing the roles of The Trout Point Group in an international

bribery and money laundering scheme masterminded by former Jefferson Parish President Aaron

Broussard.  Three media outlets on the Gulf Coast covering this New Orleans metro area

corruption scandal were sued for defamation in Nova Scotia, Canada by the Trout Point Group in

1

Louisiana Media Company, LLC aka Fox 8 New Orleans and instant Defendant in his personal capacity in a vain attempt to silence the public interest news reporting of this most newsworthy corruption scandal. Aaron Broussard would ultimately reach a plea bargain with United States Prosecutors and was sentenced to 46 months in Federal Penitentiary where he remains today. The Trout Point Group was named as Broussard's unindicted co-conspirators.

Plaintiffs' first attempt to enroll a Canadian default defamation judgment from their first Nova Scotia suit was denied comity under the SPEECH Act of 2010[1] in December 2012 by the United States District Court for the Southern District of Mississippi and this decision was affirmed by the United States Fifth Circuit Court of Appeals [Trout Point Lodge v. Handshoe, 729 F.3d 481 (5th Cir. 2013)].

Enraged by losing their case in United States District Court, in December, 2012 the Trout Point Group filed another defamation suit in Canada against Defendant in his personal capacity joining as codefendant Defendant's media company, Slabbed New Media LLC's US based webhost, Automattic. Additionally, after losing their first attempt to obtain comity for their Canadian defamation judgments in December 2012, The Trout Point Group has filed three defamation suits against Handshoe in his personal capacity in civil defamation actions in Louisiana that have included Defendant's lead attorney in *Trout Point Lodge v Handshoe* along with three other lawyers along with the Baldwin Haspel Law Firm, which had also previously defended Handshoe against these frivolous SLAPP suits. The Trout Point Group's campaign of litigation terrorism even included Plaintiffs' prior counsel in the U.S. District Court matter,

---

[1] The SPEECH Act was enacted unanimously by Congress to combat the exact kind of Defamation lawsuit forum shopping exhibited by the Trout Point Group in their campaign of litigation terrorism against US media companies covering Broussard's bribery scheme involving Jefferson Parish contractors.

Henry Laird, whom the Trout Point Group sued for Malpractice in the New Orleans, Louisiana Civil District Court in February, 2014.[2]

In January, 2013 the Trout Point Group dropped the second Nova Scotia action they filed against Handshoe and Automattic in favor of filing a third lawsuit, also against Handshoe in his personal capacity, alleging Copyright Infringement under the Canadian Copyright Act involving images that belonged to third parties in the United States that had been previously subject to numerous "takedown notices" filed by the Trout Point Group and certain third parties under the United States Copyright law according to the provisions contained in 17 USC 512. Pursuant to the same statute, Slabbed New Media LLC filed counter notifications asserting "fair use" exception for journalism in the public interest involving these creative works, which were never commercially sold by the Plaintiffs or Slabbed New Media, LLC. The Trout Point Group expressly chose not to litigate in the proper venue, the United States District Court for the Southern District of Mississippi, despite the fact they had substantively engaged a United States legal process in sending takedown notices under 17 USC 512. In fact, the original Nova Scotia complaint at the heart of this proceeding accused Handshoe of submitting "bogus counter-notifications". The United States Copyright Act is unique for its takedown notice and counter-notification procedures, which are not found in the Canadian Copyright Act.[3] The Plaintiffs' filed this last Defamation/Copyright suit in Canada in order to attempt to legitimize the numerous misrepresentations they made under 17 USC 512. Those misrepresentations and their

---

[2] Court filings obtained by Slabbed New Media LLC in this matter indicated the Trout Point Group owed the Jones Walker law firm over $97,000 in unpaid fees related to their representation in both the District Court case and appeal, *Trout Point Lodge v. Handshoe*, 729 F.3d 481 (5th Cir. 2013). This malpractice case was dismissed by the Louisiana Court in May, 2014.

[3] The Canadian Copyright Modernization Act, created a "Notice and Notice" procedure which does not involve disabling access to disputed creative works. The Canadian Copyright Act's Copyright Act "Notice and Notice" procedure is found at §§ 41.25 and 41.26 of the Act, available online at http://laws-lois.justice.gc.ca/eng/annualstatutes/2012_20/FullText.html

use in the Canadian Defamation Action that resulted in the judgment they now attempt to enroll

before this Honorable Court are now subject to a United States District Court action filed against

instant Plaintiffs by instant Defendant pursuant to the cause of action contained at 17 USC 512(f)

such Civil Action including Declaratory relief regarding the judgment instant Plaintiffs now

attempt to enroll pursuant to the SPEECH Act of 2010. [4]

Defendant appeared for the limited purpose of challenging the jurisdiction over him in

the third Canadian proceeding.  After briefing the matter thoroughly, including pointing out the

Plaintiffs' substantively engaged a United States legal process involving images belonging to

parties in the US that were internet hosted at server farms located in the US, Plaintiffs' moved to

amend their original copyright complaint to predominantly include the tort of Defamation against

Plaintiff in his personal capacity, which also fundamentally changed the questions of law

involved in the Canadian proceedings. Rather than submit to the jurisdiction of a Canadian court

which lacked personal jurisdiction over Defendant (the legal owner of the website, Slabbed New

Media, LLC has been completely disregarded by Plaintiffs, who are well aware of its existence

by their own admission) in an endless cycle of litigation in a foreign land with no connection to

the subject matter or the defendant in his personal capacity instant Defendant defaulted. The

Canadian Court never ruled on Defendant's first jurisdictional challenge to the original

complaint, continuing it without date.  Defendant demanded notice of the proceedings and

defaulted.  After a damages hearing was held in December, 2013, the Canadian Court rendered

an opinion on February 14, 2014 finding for Plaintiffs for both the Defamation and Copyright

Infringement torts alleged against Defendant in his personal capacity, issuing two judgments in

an attempt to circumvent the SPEECH Act of 2010, one for Copyright Infringement and one for

---

[4] *Handshoe v Perret et al*, Case Number 15CV382 in the United States District Court for the Southern District of Mississippi filed November 16, 2015.

Defamation. On June 2, 2014, Plaintiffs, via counsel filed their Petition to enroll the Copyright

Judgment in the Circuit Court of Hancock County. This was dismissed by this Honorable Court

on November 13, 2015. Plaintiffs, via Counsel, have enrolled the same judgment on December 9,

2015. These matters now come before this Honorable Court.

## LAW AND ARGUMENT

Mississippi Civil Procedure Rule 12(f) provides that, "Upon motion made by a party

before responding to a pleading or, if no responsive pleading is permitted by these rules, upon

motion made by a party within thirty days after the service of the pleading upon him or upon the

court's own initiative at any time, the court may order stricken from any pleading any

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter". Further, in

the alternative the Defendant/Movant wishes to permanently stay these proceedings pursuant to

Section 11-7-307, Mississippi Code of 1972 as amended and that this motion to stay is timely

filed pursuant to Section 11-7-305, Mississippi Code of 1972, as amended.

Neither the United States or Mississippi Constitutions compel Mississippi Courts give

full faith and credit to judgments from foreign countries, nor is there a federal treaty that requires

the enforcement of foreign country judgments. However, Mississippi courts will enforce foreign

country judgments under principles of res judicata and comity.[5] Requirements for enforcing

foreign country judgments were set forth by influential nineteenth-century treatises and are

known as the Kent-Story Rule. Supreme Court Justice Gray expressed the rule in the influential

opinion in *Hilton v. Guyot*[6]:

> where there has been opportunity for a full and fair trial abroad before a court of
>
> competent jurisdiction, conducting the trial upon regular proceedings, after due

---

[5] *Laskosky v. Laskosky*, 504 So. 726, 730 (Miss. 1987)
[6] 159 U.S. 113 (1895)

citation or voluntary appearance of the defendant, and under a system or

jurisprudence likely to secure an impartial administration of justice between the

citizens of its own country and those of other countries, and there is nothing to

show either prejudice in the court or in the system of laws under which it was

sitting, or fraud in procuring the judgment, or any other special reason why the

comity of this nation should not allow it full effect, the merits of the case should

not, in an action brought in this country upon the judgment, be tried afresh, as on

a new trial or an appeal, upon the mere assertion of the party that the judgment

was erroneous in law or in fact.

Under *Hilton v Guyot*, a foreign country judgment from a judicial system that provides

impartial tribunals is enforceable unless: 1) the foreign court lacked jurisdiction; 2) the judgment

was procured by fraud; 3) the judgment was founded on clear mistake or irregularity; 4) the

judgment was bad by the law of the place where it was rendered; or 5) the foreign jurisdiction

rendering the judgment did not recognize American judgments.

In Mississippi the principles of comity have been codified in several court decisions

including *Laskosky v. Laskosky*, 504 So. 726, 730 (Miss. 1987):

Enforcement of foreign nation judgments in our courts is governed by the

principle of comity. *Restatement*, 2nd, Conflicts of Laws, § 98. The principle of

comity is similar to full faith and credit except that it is not governed by the

United States or Mississippi Constitutions or Federal statutes and that its

application rests in the discretion of the trial judge. *Kountouris v. Varvaris*, 476

So.2d 599, 607 (Miss. 1985); *MacLeod v. MacLeod*, 448 So.2d 361, 362

(Ala.Civ.Ct.App. 1983); *Cox v. Cox*, 234 Miss. 885, 892, 108 So.2d 422 (1959).

6

These principles and reasons not to extend comity to a foreign judgment involving sister states and foreign countries have evolved to the following:

1. The judgment was rendered under a system which does not provide impartial tribunals or procedures compatible with the requirements of due process of law;

2. The foreign court did not have personal jurisdiction over the defendant; or

3. The foreign court did not have jurisdiction over the subject matter.

Moreover, unlike a judgment from a sister state, a foreign country money judgment also need not be recognized if:[7]

1. The defendant in the proceedings in the foreign court did not receive notice of the proceedings in sufficient time to enable him to defend;

2. The judgment was obtained by fraud;

3. The cause of action on which the judgment is based is repugnant to the public policy of this state;

4. The judgment conflicts with another final and conclusive judgment;

5. The proceeding in the foreign court was contrary to an agreement between the parties under which the dispute in question was to be settled otherwise than by proceedings in that court; or

6. In the case of jurisdiction based only on personal service, the foreign court was a seriously inconvenient forum for the trial of the action.

Accordingly, a foreign country judgment can be challenged on grounds that the underlying claim offended Mississippi public policy. Worth noting is the fact that *Hilton v.*

---

[7] *Mississippi Conflict of Laws*, Michael H. Hoffheimer, Professor of Law and Leonard B. Melvin Lecturer, University of Mississippi

7

*Guyot* imposed another requirement for enforcement of foreign country judgments in reciprocity[8].

The Canadian judgment at controversy has numerous problems that should lead this Honorable Court to deny it comity and order it struck from the Judgement Rolls. The following reasons to deny comity under the common law of Mississippi and the United States SPEECH Act, each of which would be sufficient on its own, are as follows:

- The Canadian Court lacked personal jurisdiction over Defendant Handshoe in his personal capacity as he had no contact with Nova Scotia in a personal capacity.

- The Canadian Court lacked subject matter jurisdiction over US based copyrights.

- The Canadian judgment is repugnant to Mississippi public policy.

- The Canadian judgment conflicts with another final and conclusive judgment, *Trout Point Lodge v. Handshoe*, 729 F.3d 481 (5th Cir. 2013).

- Nova Scotia Canada does not offer comity to Mississippi judgments as a matter of law.

## **LACK OF PERSONAL JURISDICTION**

All of the acts in the Canadian complaint directly relate to content owned and copyrighted by Slabbed New Media, LLC, a Mississippi Limited Liability company with registered offices in Stone County Mississippi.[9] Slabbed New Media, LLC was formed on April 11, 2011 with its principal asset being the interactive website located at www.slabbed.org. The Slabbed New Media LLC website (hereinafter "Slabbed") is an interactive service provider that contains the creative work published by managing member acting as agent for the LLC, Douglas

---

[8] *Id.*

[9] The Slabbed New Media LLC website located virtually at www.slabbed.org, is hosted at a server farm in the US belonging to Amazon Web Services, domiciliary State of Washington..

Handshoe. The website also includes third party comments to articles published in response to the public interest journalism contained on the website. Slabbed New Media LLC regularly breaks original news and is considered an authoritative journalistic source by the local media including The Sun Herald, with its work, especially in the area of investigative journalism, attributed in newspapers across this area including the New Orleans Advocate, The Times Picayune, The Mississippi Press and the Sun Herald.[10] Slabbed New Media LLC relies on reader donations as its sole source of income. The Slabbed New Media LLC Interactive website, located at www.slabbed.org at all times salient to the events giving rise to the Canadian litigation, contained the following statement along with a copyright notice which is prominently displayed near the top of every webpage on a "sidebar":

> Slabbed.org by Slabbed New Media, LLC is licensed under a Creative Commons Attribution-NonCommercial-NoDerivatives 4.0 International License. Permissions beyond the scope of this license may be available at http://slabbed.org/contact/.

At all times salient to the underlying Canadian litigation, the webpage located at http://slabbed.org/contact/ contained the following:

> DMCA Notices & other legal inquiries should be sent via email to Slabbed New Media LLC.
>
> US Mail:
> Slabbed New Media, LLC
> Post Office Box 788
> Wiggins, MS 39577-0788

---

[10] Prior to formation in April 2011, Slabbed conducted business as a common law partnership engaged in a hobby with multiple contributors. Nonetheless its work on the legal issues surrounding the post Katrina wind water litigation, merited mention in two books including *Delay, Deny, Defend* by Law Professor Jay Feinman of the Rutgers University School of Law

Courier service:
Slabbed New Media LLC
110 Hall Street
Wiggins, MS 39577

The Plaintiffs, including lead Plaintiff Vaughn Perret, who is a purportedly a lawyer that was trained in the United States, purposely misrepresented the ownership of the website to the Canadian Court, which itself saw the notice clearly displayed in evidence submitted to the court by Perret and Leary. Ironically, even a Nova Scotia Court clerk, using her personal cellphone to get around an IP block of the website by the Nova Scotia court system, used the above contact page to obtain Defendant's business email address in an attempt to conduct the Nova Scotia Court's business with the Defendant. Defendant Handshoe, in his personal capacity, lacks any contact with the Province of Nova Scotia let alone minimum contacts, as legally defined, to be subject to the jurisdiction of the Nova Scotia Courts in a personal capacity.

Finally, Defendant/Movant freely admits to appearing before the Nova Scotia Courts for the limited purpose of challenging that Court's personal jurisdiction over him. However, after submitting his jurisdictional brief showing the manifest problems Plaintiff Perret and Leary had suing in Canada over US Copyrights that had all borne takedown notices issued under US law that were successfully Counter notified under US law, instant Plaintiffs moved the Canadian court to amend their Copyright lawsuit to one consisting overwhelmingly of the tort of defamation arguing both arose out of the same nexus of fact. The Canadian Court granted this motion and Defendant's jurisdictional challenge was continued without date and was never heard or decided by the Canadian Court, thus preserving this issue for the review of this Honorable Court.

## LACK OF SUBJECT MATTER JURISDICTION

The images in question were all owned by parties other than the Plaintiffs at the time they were published to the Slabbed New Media, LLC website and each were subjected to takedown notices using the procedures contained at 17 USC 512, colloquially known as the Digital Millennium Copyright Act (DMCA). Slabbed New Media, LLC counter notified each and every takedown notice involving these images using the procedures contained at 17 USC 512 for counter notifying the original takedown notices that contained misidentified material as infringing on a copyright.  Included in the statutory provisions that contain the counter notification procedures, a proper counter notification under 17 USC 512 includes that, **the party submitting the counter notification must agree to waive service of process for expedited proceedings seeking an injunction at the US District Court where domiciled.**[11]  Once a takedown notice is counter notified, the party claiming infringement has 10-14 working days to seek an injunction under expedited procedures contained in 17 USC 512 at the United States District Court.

Each and every image Perret and Leary would later claim infringed on their Canadian Copyrights were obtained by after-the-fact assignments from the third parties. These third parties, along with the Trout Point Group, submitted takedown notices under 17 USC 512 prior to Perret and Leary instituting copyright proceedings in Canada in January 2013.  These actions sending DMCA takedown notices substantively engaged the United States Copyright law.[12]

---

[11] In the case of Slabbed New Media, LLC, this is the US District Court for the Southern District of Mississippi, its domicile or the domicile of the Webhost, which in this case would be the US District Court serving the Houston Texas metropolitan area. Slabbed New Media LLC, as a matter of corporate policy waives service in 17 USC 512 counter notifications for the Mississippi US Southern District Court only.

[12] The Canadian Judge even noted the 17 USC 512 takedown notices in paragraph 25 of his opinion, which also referred to an injunction from the first Canadian suit as applicable to the Copyright Infringement alleged in Canada. The United States Fifth Circuit Court of Appeals would find on page 6 of its opinion that, "Trout Point does

11

Every takedown notice submitted by the Trout Point Group and the third parties they incited were successfully counter notified by Slabbed New Media, LLC in accordance with US law. The third parties and the Trout Point Group expressly declined to seek an injunction in the US District Court by taking no action to obtain an injunction.  In every instance, these third parties and the Plaintiffs substantively engaged a United States legal process, which is partly extra judicial (notification/counter notification procedures and requirements) and partly judicial, in the expedited injunction procedures forcing removal of material alleged as infringing, where service of process was expressly waived cannot be gainsaid. Plaintiffs' subsequently seeking remedy under Canadian law is not only misplaced but also represents an abuse of a US legal process that is complete with an ulterior motive in attempting to legitimize the abuse of the United States legal process via proceedings in a foreign court that lacked jurisdiction to decide United States Copyright law.

## THE CANADIAN JUDGMENT IS REPUGNANT TO MISSISSIPPI PUBLIC POLICY

The Plaintiffs represent their Canadian judgment as a Copyright judgment but this is misleading.  The 43 page amended complaint underlying this matter is a largely incomprehensible, spleen-venting screed, over half of which was devoted to ad hominem attacks on Handshoe in his personal capacity, with the other half overwhelmingly dominated by allegations related to the tort of defamation. The Canadian Judge, in the opinion related to this judgment, bases the copyright infringement findings on the Canadian laws of defamation stating repeatedly, "it appears alongside defamatory script" referring to the images, as the basis for his findings of law.[13]  In their Motion to Amend their original application to the Court after

---

not seek to enforce the injunction in this action. Rightly so, as the injunction does not comport with the most basic protections against prior restraints on speech in the United States.

[13] Trout Point Lodge Ltd. v. Handshoe, 2014 NSSC 62 paragraphs 21-25. The Canadian Judge's assertion that the assignments obtained in 2013 were before the start of the Canadian litigation is clearly contradicted by the Court's

Handshoe had submitted a jurisdictional challenge to the original copyright complaint, Perret and Leary pleaded that the copyright infringement and defamation they now were alleging were derived from the same factual basis and were thus inseparable under Canadian law. Yet, at the end of the Canadian proceedings, the Court issued two judgments from the one action, one for Defamation damages and another for Copyright Infringement damages, in order to circumvent the United States SPEECH Act of 2010, which prevents the exact type of libel tourism forum shopping of United States based defamation claims to foreign jurisdictions that lack United States First Amendment protections as a matter of law.[14]   To the extent the SPEECH Act of 2010 is the Supreme Law of the United States, this Honorable Court has the power to declare this Canadian defamation judgment masquerading as a copyright judgement as REPUGNANT to both the Constitutions of Mississippi and the United States.

### THE CANADIAN JUDGMENT CONFLICTS WITH ANOTHER FINAL AND CONCLUSIVE JUDGMENT, TROUT POINT LODGE V. HANDSHOE, 729 F.3D 481 (5TH CIR. 2013).

Plaintiffs attempt to obtain comity for this Canadian Judgment which they assert is Copyright based.  However, the Ashoka Foundation (domiciliary Virginia USA) photographs referred to in the Nova Scotia opinion were also a part of the Defamation judgment Plaintiffs attempted to obtain comity in *Trout Point Lodge v. Handshoe*, 729 F.3d 481 (5th Cir. 2013).[15] This  defamation judgment rejected by the United States Court actually covered multiple torts beyond Defamation, including the alleged copyright infringement involving the Ashoka Foundation Photographs.  This judgment was expressly denied comity by the United States

---

own docket.  Handshoe flatly denies the allegation levied by the Plaintiffs in their suit as false and concocted from whole cloth.

[14] The Canadian Court dismissed the United States SPEECH Act on page 6 of its opinion recounting the first attempt at comity being denied due to as "the exigencies of Mississippi legislation", showing the Canadian court was clearly aware of the SPEECH Act of 2010.

[15] Hearing Book Exhibits for Damages Assessment Hearing Pt. 5, Trout Point et al v Handshoe (Nova Scotia proceeding) introduced into evidence in Trout Point Lodge v. Handshoe, 729 F.3d 481 (5th Cir. 2013).

Courts only to see the allegations reasserted by Perret and Leary in their third Canadian defamation suit, along with certain other defamation counts that were also recycled and reasserted in the third Canadian defamation suit underlying this instant matter.[16]   Plaintiffs re-litigation of these matters clearly represents a collateral attack on the previous judgment of the United States District Court.

Conclusively, the Canadian opinion relies on a previous injunction that was subject to the litigation in the *Trout Point Lodge v. Handshoe*, 729 F.3d 481 (5th Cir. 2013), about which the Fifth Circuit Court of Appeals wrote in a footnote on page 6 of the Court's opinion denying Comity, "Trout Point does not seek to enforce the injunction in this action. **Rightly so, as the injunction does not comport with the most basic protections against prior restraints on speech in the United States.** See *Neb. Press Ass'n. v. Stuart*, 427 U.S. 539,559 (1976) (explaining the heavy presumption that a prior restraint on speech is unconstitutional).

## NOVA SCOTIA CANADA DOES NOT OFFER COMITY TO MISSISSIPPI JUDGMENTS AS A MATTER OF LAW.

The Reciprocal Enforcement of Judgments Act governs recognition of foreign judgments in Nova Scotia.  This Act clearly applies to judgments from foreign lands as Part 4 of the Act refers to judgments denominated in a foreign currency.  It also only applies to "reciprocating states", which Part 2(h) defines as, "*"reciprocating state" means a territorial legal unit in Canada or outside Canada that is declared by the Governor in Council as such for the purposes of this Act*".  Part 10(1) of the Act states, "*Where the Governor in Council is satisfied that reciprocal provisions will be made by a territorial legal unit in or outside Canada for the*

---

[16] The United States Fifth Circuit Court of Appeals proceedings were expanded to include the Trout Point Group's "Concrete Busters Fraud and Defamation Allegations" and have now since been reasserted in the Canadian defamation judgment underlying these instant proceedings as well as two Louisiana defamation suits connected to the Trout Point Group filed against Handshoe in his personal capacity along with his now former attorneys.

*enforcement therein of judgments given in the Province, he may by order declare it to be a*

*reciprocating state for the purpose of this Act.*"

The Reciprocating States Declarations (Judgments) Regulations of Nova Scotia clearly

shows that neither Mississippi, nor any other State of the United States is listed as a

"reciprocating state" for purposes of the Act, thus United States judgment are not accorded

comity under the law per the Nova Scotia Reciprocal Enforcement of Judgments Act.

## **CONCLUSION**

Defendant prays that this Court, after a hearing on the evidence submitted in support of

his Motion to Strike and/or Permanently Foreign Judgment, will declare it REPUGNANT TO

THE CONSTITUTION OF THE STATE OF MISSISSIPPI pursuant to the SPEECH Act of

2010 and Mississippi Law, deny it comity and order it struck from the Judgment Rolls of

Hancock County Mississippi or in the Alternative order it permanently stayed.

Respectfully submitted this 18th day of December, 2015,


G. GERALD CRUTHIRD
Of Counsel for the Defendant Douglas Handshoe
Attorney At Law
Post Office Box 1056
Picayune, MS 39466
Telephone: (601) 798-0220
Mississippi Bar No. 7920

## CERTIFICATE OF SERVICE

I, G. Gerald Cruthird, do hereby certify that I have sent a true and correct copy of the

foregoing Memorandum in Support of Motion to Strike Foreign Judgment to the following via

United States Mail:

> Kenneth O'Cain, Esq.
> 567 Highway 51, Suite C
> Ridgeland, MS 39157
> *Attorney for Plaintiffs*

Respectfully submitted this 18th day of December, 2015,

_____

G. GERALD CRUTHIRD
Of Counsel for the Defendant Douglas Handshoe
Attorney At Law
Post Office Box 1056
Picayune, MS 39466
Telephone: (601) 798-0220
Mississippi Bar No. 7920

IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

VAUGHN PERRET )
CHARLES LEARY ) PLAINTIFFS
TROUT POINT LODGE, LTD, A Nova )
Limited Company

)

v. JAN 0 7 2016 Civil Action No.15-0458

DOUGLAS HANDSHOE KAREN LADNER RUHR DEFENDANT
CIRCUIT CLERK, HANCOCK CO.
BY_____D.C.

FILED

## NOTICE OF FILING OF REMOVAL

Defendant hereby gives notice that he has filed a Notice of Removal in the United States

District Court for the Southern District of Mississippi in the case styled Vaughn Perret, Charles

Leary and Trout Point Lodge Limited, Civil Action No. 15-0458. A copy of this Notice of

removal is attached as Exhibit "1".

Respectfully submitted this ___7th___ day of January, 2016,

_____

G. GERALD CRUTHIRD
Of Counsel for the Defendant Douglas Handshoe
Attorney At Law
Post Office Box 1056
Picayune, MS 39466
Telephone: (601) 798-0220
Mississippi Bar No. 7920

## CERTIFICATE OF SERVICE

I, G. Gerald Cruthird, certify I have sent a true and correct copy of the foregoing Notice of Removal to the following via United States Mail:

> Kenneth O'Cain, Esq.
> 567 Highway 51, Suite C
> Ridgeland, MS 39157
> Attorney for Plaintiffs

I, G. Gerald Cruthird, certify I have hand delivered a true and correct copy unto:

> Honorable Karen Ladner Ruhr
> Circuit Clerk of Hancock County, Mississippi
> 152 Main Street, Suite B
> Bay St Louis, MS 39520

Respectfully submitted this _7th_ day of January, 2016,

_____
G. GERALD CRUTHIRD
Of Counsel for the Defendant Douglas Handshoe
Attorney At Law
Post Office Box 1056
Picayune, MS 39466
Telephone: (601) 798-0220
Mississippi Bar No. 7920

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JAN 07 2016
ARTHUR JOHNSTON
BY _____ DEPUTY

VAUGHN PERRET                          )
CHARLES LEARY                          )          PLAINTIFFS
TROUT POINT LODGE, LTD, A Nova         )
Limited Company                        )
                                       )
v.                                     )          Civil Action No. 1:16cv7LG-RHW
                                       )
DOUGLAS HANDSHOE                       )          DEFENDANT
                                       )

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 *et seq*., Defendant, Douglas Handshoe, files this Notice of

Removal of the Civil Action filed against him by Plaintiffs, Vaughn Perret, Charles Leary and

Trout Point Lodge, Ltd, and states as follows.

1.      On December 9, 2015, Plaintiffs' filed their Petition to Enroll Foreign Judgment in the

        lawsuit styled Vaughn Perret, Charles Leary and Trout Point Lodge Ltd, Civil Action No.

        15-0458 in the Circuit Court of Hancock County, Mississippi.

2.      The Defendant, Douglas Handshoe, was served with notice of such filing on December

        10, 2015.

3.      Removal is proper under 28 U.S.C. § 1441 and § 4103 because Plaintiffs' suit involves

        diverse parties and a Federal question. Additionally this court has supplemental

        jurisdiction as certain of the claims involve claims that were previously decided by this

        Court in the case styled *Trout Point Lodge et al v Handshoe*. Specifically, Plaintiffs have

        alleged defamation via Internet by Defendant in securing rendition of foreign judgments[1]

---

[1] Plaintiffs, with the assistance of Nova Scotia Supreme Court and over the objection of defendant Handshoe,
essentially bifurcated an amended Civil Action post judgment between the defamation torts Plaintiffs' had

against Defendant in the Supreme Court of Nova Scotia, Canada on or about February 26, 2014 in the civil action styled Trout Point Lodge Ltd., Charles Leary & Vaughn Perret v Douglas Handshoe reasserting claims previously before both the Nova Scotia Courts and this Court.[2] Additionally, the subject of the enforceability of the exact Canadian Judgement is currently before this Court pursuant to the SPEECH Act of 2010 in the case styled *Handshoe v Perret et al*, Civil Action number 1:15cv382-HSO-JCG filed November 16, 2015.

4.    Venue is proper in this district under 28 U.S.C. § 1441 (a) because the State Court where the action has been pending is located in this district.

5.    This Notice is being filed with this Court within Thirty (30) days after Defendant received a copy of the Plaintiffs' initial pleading, Petition to Enroll Foreign Judgment.

6.    Defendant would further show that true and correct copies of all process, pleadings and orders filed to date in the above State Court action served upon Defendant on December 10, 2015 are attached hereto as Exhibit "A"; and that no other process, pleadings or orders have been served upon Defendant to date in this action.

7.    Defendant files this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiffs' above described foreign judgment can be enrolled or enforced.

8.    Defendant is filing contemporaneously with this Notice, a Notice of Filing Notice of Removal with the Clerk of the Circuit Court of Hancock County, Mississippi, informing

---

previously successfully argued in Nova Scotia were integral to the copyright torts alleged in their amended action. Plaintiffs now attempt to enroll only a portion of the whole in an attempt to defeat the requirements of 28 U.S.C. §§ 4101 et seq.

[2] The Copyrights purportedly belonging to the Ashoka Foundation being a part of both sets pf proceedings.

the Honorable Clerk that this action is being removed.  A copy of said Notice of Filing

Notice of removal is attached as Exhibit "B".

Defendant prays that this Court take jurisdiction of this action to its conclusion, to the

exclusion of any further proceedings in the State Court in accordance with the law.  Defendant

also prays for such other and further relief to which he may be justly entitled.


Respectfully submitted this _____7th_____ day of January,
2016,


_____

G. GERALD CRUTHIRD
Of Counsel for the Defendant Douglas Handshoe
Attorney At Law
Post Office Box 1056
Picayune, MS 39466
Telephone: (601) 798-0220
Mississippi Bar No. 7920

## CERTIFICATE OF SERVICE

I, G. Gerald Cruthird, certify I have sent a true and correct copy of the foregoing Notice of Removal to the following via United States Mail:

> Kenneth O'Cain, Esq.
> 567 Highway 51, Suite C
> Ridgeland, MS 39157
> Attorney for Plaintiffs

I, G. Gerald Cruthird, certify I have hand delivered a true and correct copy unto:

> Honorable Karen Ladner Ruhr
> Circuit Clerk of Hancock County, Mississippi
> 152 Main Street, Suite B
> Bay St Louis, MS 39520

Respectfully submitted this ___7th___ day of January, 2016,

_____
G. GERALD CRUTHIRD
Of Counsel for the Defendant Douglas Handshoe
Attorney At Law
Post Office Box 1056
Picayune, MS 39466
Telephone: (601) 798-0220
Mississippi Bar No. 7920

IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

Trout Point Lodge, LTD
Charles Leary
Vaughn Perret
**VERSUS**                                    CAUSE NO. 15 - 0458

Douglas K. Handshoe

### CLERK'S NOTICE OF FILING OF FOREIGN JUDGMENT

COMES NOW Judgment Creditor, _Trout Point Lodge Charles Leary Vaughn Perret_, and

files this its' Notice of filing Foreign Judgment as follows:

1. The name and address of the Judgment Creditor is _Trout Point Lodge Charles Leary Vaughn Perret_

2. The name and address of the Judgment Creditor's Attorney in the State of

Mississippi is _Kenneth T O'Cain_.

3. A true and accurate copy of the Judgment in favor of _Trout Point Lodge, Charles Leary, Vaughn Perret_.

   is attached; and

4. The name and address of the Judgment Debtor is: _Douglas Handshoe_.

   _Po Box 788 Wiggins, MS  39577_

This the 9th day of Dec 2015

Karen Ladner Ruhr
Circuit Clerk
Hancock

By_____   D.C.

EXHIBIT
COMPOSITE
"A"

**FILED**

**DEC 0 9 2015**

## AFFIDAVIT OF KENNETH T. O'CAIN

KAREN LADNER RUHR
CIRCUIT CLERK HANCOCK CO.
BY _____ D.C.

STATE OF MISSISSIPPI

COUNTY OF MADISON

THIS DAY personally appeared before me, the undersigned authority in and for

the jurisdiction aforesaid, the within named KENNETH T. O'CAIN, who, after being

duly sworn, did state on his oath the following, to-wit:

1. My name is Kenneth T. O'Cain, and I represent the judgment creditors,

Vaughn Perret, Charles Leary and Trout Point Lodge Limited.

2. That pursuant to § 11-7-305 of the Miss. Code of 1972, based upon information

and belief, that **the name and last known post office address of the judgment debtor**

**herein is, Douglas Handshoe, Post Office Box 788 Wiggins, Mississippi 39577 AND**

**214 Corinth Drive, Bay St. Louis, Mississippi 39520**; and the name and last known

post office address of the judgment creditors is 189 Troutpoint Road, East Kemptville,

NS  B5A 5X9.

FURTHER Affiant sayeth not

_____
Kenneth T. O'Cain

SWORN TO AND SUBSCRIBED BEFORE ME, on this the 30th day of

November, 2015.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:

Feb 16, 2018
_____

[SEAL]

STATE OF MISSISSIPPI
JAMIE W. ABLES
ID No
28643
NOTARY PUBLIC
Comm Expires
February 16, 2018
MADISON COUNTY

FILED

DEC 0 9 2015

15-0458

KAREN LADNER RUHR
CIRCUIT CLERK, HANCOCK CO.

BY _____ D.C.

## SUPREME COURT OF NOVA SCOTIA
## CERTIFICATE

I, *Caroline McInnes*, Prothonotary (chief court clerk) of the Supreme Court of Nova Scotia, Canada, do certify that the following constitutes a true and correct copy and a literal transcript of the Order regarding damages for copyright infringement of Supreme Court Justice Kevin Coady in the matter of Trout Point Lodge, Limited, Charles Leary, and Vaughn Perret versus Douglas K. Handshoe, No. 411345, dated February 26, 2014, and initialled by Justice Coady, as the same now appears on file in my office of record.

AND I FURTHER CERTIFY that said Supreme Court of Nova Scotia is a court of record with an official seal, and that I as Prothonotary of Said Supreme Court of Nova Scotia, am the custodian of records and of the seal of Said Court.

IN TESTIMONY WHEREOF, I have hereto set my hand and affixed the seal of this said Court, at the city of Halifax, Nova Scotia, on this *19th* day of *November* in the year of our lord two-thousand and fifteen.

_____ (sign)

Caroline McInnes _____ (print)
PROTHONOTARY OF THE
SUPREME COURT OF NOVA SCOTIA

PROVINCE OF NOVA SCOTIA

I, *Kevin Coady*, a Justice of the Supreme Court of Nova Scotia, do hereby certify that *Caroline McInnes* (Prothonotary) who's true signature appears to the forgoing Certificate is now and was at the date of said Certificate, the Prothonotary (chief court clerk) of the Supreme Court of Nova Scotia, duly qualified according to law and that her said Certificate is in due form of law; that the seal hereto attached is the genuine seal of said Supreme Court of Nova Scotia, and that Said Court is a Court of Record.

Witness my signature, this *19* day of *November* A.D. 2015

JUSTICE    JUSTICE KEVIN COADY

SUPREME COURT OF NOVA SCOTIA

I *Caroline McInnes*, Prothonotary of the Supreme Court of Nova Scotia, do hereby certify that *Justice Coady*, who's signature appears to the annexed and foregoing attestation, is now and was at the date of said Certificate, a Justice of the Supreme Court of Nova Scotia, duly appointed by lawful authority and legally qualified, and that the Certificate and Attestation are in due form of law, and that the Supreme Court of Nova Scotia is the highest trail court in the Province of Nova Scotia and a Court of Record.

_____ (sign)

Caroline McInnes _____ (print)
PROTHONOTARY OF THE
SUPREME COURT OF NOVA SCOTIA

FILED

DEC 0 9 2015

KAREN LADNER RUHR
CIRCUIT CLERK, HANCOCK CO.
BY _____ D.C.

## SUPREME COURT OF NOVA SCOTIA

BETWEEN:

### Trout Point Lodge Ltd., Charles Leary & Vaughn Perret

Plaintiff

- and -

### Douglas K. Handshoe

Defendant

## ORDER

### BEFORE THE HONOURABLE JUSTICE KEVIN COADY:

**WHEREAS** the Court is satisfied that the Defendant Douglas K. Handshoe was personally served with notice of this action;

**AND WHEREAS** the Defendant Douglas K. Handshoe filed a Demand for Notice and did not file a Defence to this action;

**AND WHEREAS** the Court is satisfied that the Defendant Douglas K. Handshoe received notice of this assessment of damages;

**AND AFTER HAVING REVIEWED** the Plaintiff's evidence, exhibits and submissions and being satisfied that the Defendant Douglas K. Handshoe infringed all three plaintiffs copyright in photographic images throughout 2012 and 2013.

### IT IS ORDERED:

1.　**THAT** the Defendant Douglas K. Handshoe pay the sum of twenty thousand Canadian dollars ($20,000) in statutory damages to Charles Leary;

2.　**THAT** the Defendant Douglas K. Handshoe pay the sum of forty thousand Canadian dollars ($40,000) in statutory damages to Trout Point Lodge Ltd.;

3.　**THAT** the Defendant Douglas K. Handshoe pay the sum of twenty thousand Canadian dollars ($20,000) in statutory damages to Vaughn Perret;

4.　**THAT** the Defendant Douglas K. Handshoe pay all the Plaintiffs the sum of one hundred thousand Canadian dollars ($100,000) in punitive damages.

**DATED** at Halifax, Nova Scotia, this 26th day of **February, 2014.**

_Gail O'Keefe_

**Prothonotary**

# O'CAIN LAW FIRM, PLLC

KENNETH T. O'CAIN, ESQ.
557 HIGHWAY 51
SUITE C
RIDGELAND, MISSISSIPPI 39157

TELEPHONE: 601-832-0990
EMAIL: TEXT@OCAINLAW.COM

December 7, 2015

**FILED**

**DEC 0 9 2015**    15-0458

KAREN LADNER RUHR
CIRCUIT CLERK, HANCOCK CO.
BY_____D.C.

Karen Ladner Ruhr
Hancock County Circuit Clerk
152 Main Street, Ste. B
Bay St. Louis 39520

Re:   *Perret, et. al v. Handshoe,* In the Circuit Court of Hancock County,
Mississippi, Civil Action No.: _____

Dear Ms. Ruhr:

Enclosed please find Plaintiff's Civil Cover Sheet and filing fee in the amount of
$161.00. Also enclosed please find the original and one copy of the following for filing:

1.   Affidavit of Filing Foreign Judgment;
2.   Certified Copy of Final Judgment for Plaintiffs as issued by the captioned
Court.

Please file same in the manner prescribed by Miss. Code Ann. § 11-7-305 (1972), as
amended, and return the filed copy of the enclosed documents to my attention in the
enclosed, postage prepaid envelope. I would also request that you mail notice to the
judgment debtor at the address provided and make note of such in your docket in
accordance with this statute. Thank you for your attention to this matter.

Very truly yours,

Kenneth T. O'Cain

Enclosures

| **COVER SHEET** | **Court Identification Docket #** | | | **Case Year** | **Docket Number** |
|---|---|---|---|---|---|

**COVER SHEET**
**Civil Case Filing Form**
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Court Identification Docket #: 2 3 1 CI
County #  Judicial  Court ID
District  (CH, CI, CO)

Case Year: 2 0 1 5

Docket Number: 0 4 5 8
Local Docket ID

Mississippi Supreme Court    Form AOC/01
Administrative Office of Courts    (Rev 2009)

1 2 0 9 1 5
Month  Date  Year
*This is to be completed by clerk*

Case Number if filed prior to 1/1/94

In the CIRCUIT    Court of HANCOCK    County —    Judicial District

**Origin of Suit (Place an "X" in one box only)**

☐ Initial Filing    ☐ Reinstated    ☒ Foreign Judgment Enrolled    ☐ Transfer from Other court    ☐ Other
☐ Remanded    ☐ Reopened    ☐ Joining Suit/Action    ☐ Appeal

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual _____ _____ _____ _____ _____
          Last Name    First Name    Maiden Name, if applicable    M.I.    Jr/Sr/III/IV

____ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
     Estate of _____
____ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
     D/B/A or Agency _____

Business Trout Point Lodge, Ltd
          Enter legal name of business, corporation, partnership, agency - if Corporation, indicate the state where incorporated
____ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
     D/B/A _____

Address of Plaintiff   189 Trout Point Road, East Kemptville, NS B5A 5X9

Attorney (Name & Address)   Kenneth T. O'Cain, 567 Highway 51, Ste C, Ridgeland, MS 39157    MS Bar No. 101124

____ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing: _____

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual Handshoe _____ Douglas _____ _____ _____ _____
          Last Name    First Name    Maiden Name, if applicable    M.I.    Jr/Sr/III/IV

____ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
     Estate of _____
____ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
     D/B/A or Agency _____

Business _____
          Enter legal name of business, corporation, partnership, agency - if Corporation, indicate the state where incorporated
____ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
     D/B/A _____

Attorney (Name & Address) - if Known _____    MS Bar No. _____

**Damages Sought:**   Compensatory $ _____    Punitive $ _____    Check ( x ) if child support is contemplated as an issue in this suit.*
                                                    *If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| ☐ Child Custody/Visitation | ☐ Accounting (Business) | ☐ Adoption - Contested | ☐ Adverse Possession |
| ☐ Child Support | ☐ Business Dissolution | ☐ Adoption - Uncontested | ☐ Ejectment |
| ☐ Contempt | ☐ Debt Collection | ☐ Consent to Abortion Minor | ☐ Eminent Domain |
| ☐ Divorce: Fault | ☐ Employment | ☐ Removal of Minority | ☐ Eviction |
| ☒ Divorce: Irreconcilable Diff. | ☒ Foreign Judgment | ☐ Other | ☐ Judicial Foreclosure |
| ☐ Domestic Abuse | ☐ Garnishment | Civil Rights | ☐ Lien Assertion |
| ☐ Emancipation | ☐ Replevin | ☐ Elections | ☐ Partition |
| ☐ Modification | ☐ Other | ☐ Expungement | ☐ Tax Sale: Confirm/Cancel |
| ☐ Paternity | Probate | ☐ Habeas Corpus | ☐ Title Boundary or Easement |
| ☐ Property Division | ☐ Accounting (Probate) | ☐ Post Conviction Relief/Prisoner | ☐ Other |
| ☐ Separate Maintenance | ☐ Birth Certificate Correction | ☐ Other | Torts |
| ☐ Termination of Parental Rights | ☐ Commitment | Contracts | ☐ Bad Faith |
| ☐ UIFSA (eff 7/1/97; formerly URESA) | ☐ Conservatorship | ☐ Breach of Contract | ☐ Fraud |
| ☐ Other | ☐ Guardianship | ☐ Installment Contract | ☐ Loss of Consortium |
| Appeals | ☐ Heirship | ☐ Insurance | ☐ Malpractice - Legal |
| ☐ Administrative Agency | ☐ Intestate Estate | ☐ Specific Performance | ☐ Malpractice - Medical |
| ☐ County Court | ☐ Minor's Settlement | ☐ Other | ☐ Mass Tort |
| ☐ Hardship Petition (Driver License) | ☐ Muniment of Title | Statutes/Rules | ☐ Negligence - General |
| ☐ Justice Court | ☐ Name Change | ☐ Bond Validation | ☐ Negligence - Motor Vehicle |
| ☐ MS Dept Employment Security | ☐ Testate Estate | ☐ Civil Forfeiture | ☐ Product Liability |
| ☐ Worker's Compensation | ☐ Will Contest | ☐ Declaratory Judgment | ☐ Subrogation |
| ☐ Other | ☐ Other | ☐ Injunction or Restraining Order | ☐ Wrongful Death |
| | | ☐ Other | ☐ Other |

IN THE CIRCUIT _____ COURT OF HANCOCK _____ COUNTY, MISSISSIPPI

_____ JUDICIAL DISTRICT, CITY OF _____

Docket No._____ - _____    Docket No. If Filed
     File Yr    Chronological No.    Clerk's Local ID    Prior to 1/1/94 _____

### PLAINTIFFS IN REFERENCED CAUSE - Page 1 of ___ Plaintiffs Pages
### IN ADDITION TO PLAINTIFF SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Plaintiff #2:**

**Individual:** Perret _____ Vaughn _____ ( _____ ) _____ _____
          Last Name       First Name       Maiden Name, if Applicable    Middle Init.    Jr/Sr/II/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
          Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF:** _____ Bar # or Name: Kenneth T. O'Cain-101124 ____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

---

**Plaintiff #3:**

**Individual:** Leary _____ Charles _____ ( _____ ) _____ _____
          Last Name       First Name       Maiden Name, if Applicable    Middle Init.    Jr/Sr/II/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
          Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF:** _____ Bar # or Name: Kenneth T. O'Cain-101124 ____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

---

**Plaintiff #4:**

**Individual:** _____ _____ ( _____ ) _____ _____
          Last Name       First Name       Maiden Name, if Applicable    Middle Init.    Jr/Sr/II/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
          Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

FEE BILL, CIVIL CASES, CIRCUIT COURT

State of Mississippi
Hancock County

TROUT POINT LODGE, CHARLES LEARY,VAUGHN   VS HANDSHOE, DOUGLA

Case # 15-0458          Acct #          Paid By CHECK 1199          Rct# 29337
--------------------------------------------------------------------------------

|                             |        |
|-----------------------------|--------|
| CLERK'S FEES                | 85.00  |
| JURY TAX                    | 3.00   |
| COURT REPORTERS FEE         | 10.00  |
| LAW LIBRARY                 | 2.50   |
| COURT ADMINISTRATOR         | 2.00   |
| STATE CT ED FUND            | 2.00   |
| COURT CONSTITUENTS          | .50    |
| ELECTRONIC COURT            | 10.00  |
| LEGAL ASSISTANCE            | 5.00   |
| JUDICIAL FUND-JUDGE RAISE   | 40.00  |
| ARCHIVE FEE                 | 1.00   |

```
                                      ===========
                          Total    $    161.00
```
--------------------------------------------------------------------------------


Payment received from Kenneth T. O'Cain
                      725 Avignon Drive
                      PO Box 13847

              Jackson          MS 39236 3847

Transaction   33705 Received 12/ 9/2015 at 13: 1 Drawer    1 I.D. JASON

Current Balance Due        $0.00                Receipt Amount $    161.00

By _____        D.C.   Karen Ladner Ruhr, Circuit Clerk


Case # 15-0458          Acct #          Paid By CHECK 1199          Rct#   29337