IN THE UNITED STATES DISTICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

VAUGHN PERRET
CHARLES LEARY
TROUT POINT LODGE, LIMITED                                    PLAINTIFFS

VS.                         CIVIL ACTION NO.: 1:16-CV-00007-LG-RHW

DOUGLAS HANDSHOE                                                DEFENDANT

## MOTION TO REMAND

**COME NOW** the Plaintiffs, Vaughn Perret, Charles Leary, and Trout Point Lodge, Limited, by and through the undersigned counsel, and files this their *Motion to Remand* and would show unto the Court the following, to wit:

1.      Vaughn Perret, Charles Leary and Trout Point Lodge, Limited enrolled a foreign judgment from the Supreme Court of Nova Scotia in the Circuit Court of Hancock County, Mississippi on or about December 9, 2015.  Defendant, Douglas Handshoe, filed his *Notice of Removal* on or about January 7, 2016, subsequent to the filing of his *Motion to Strike and/or Permanently Stay*, which was filed with the Circuit Court on December 18, 2015.  Basis for the removal was  28 U.S.C §§ 1441 and 4103—namely diversity jurisdiction and Federal question. Defendant has failed to set forth the prerequisite jurisdictional facts sufficient for removal on the grounds asserted, including domicile or citizenship of Plaintiffs or the jurisdictional amount in controversy.  Nevertheless, the federal question threshold has not been met either.

2.      Simply put, removal is not proper in this matter, and for the reasons delineated in Plaintiffs' *Memorandum Brief in Support of Plaintiffs' Motion to Remand*, attorney fees, litigation expenses and sanctions are warranted and should

be imposed under 28 U.S.C. § 1447, the Mississippi Litigation Accountability Act and *Federal Rules of Civil Procedure* 11.  There is no objectively reasonable basis for removal, and under such circumstances, costs and fees are appropriate.  See *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 541 (5th Cir. 2012).

3. The removing party bears the burden of showing that federal jurisdiction exists and that the removal was proper.  *De Aguilar v. Boening Co.*, 47 F.3d 1404, 1408 (5thCir. 1995); *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5thCir. 1993)(*per curiam*); *Willy v. Coastal Corp.*, 844 F.2d 1160, 1164 (5thCir. 1998).  To determine whether jurisdiction is present for removal, the court must consider the claims in the state court petition, as they existed at the time of removal.  *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F. 3d 256, 264 (5thCir. 1995).  Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.  *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5thCir. 2000).

4. "A federal question exists only in those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiffs right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris, LLP*, 538 F.3d 334, 337-38 (5thCir. 2008).  However, the federal issues cited by Defendant in his removal pleadings have already been decided and the November, 2015 action cited by Defendant is of no consequence to this determination.  Defendant claims there already exists a suit filed in this Court regarding enforcement of this same judgment under the SPEECH Act.  Plaintiffs have not been served and are therefore not a party to that action.

5. Most notably, though, is this very Court's interpretation of Defendant's misguided approach at federal jurisdiction under the guise of the SPEECH ACT. Plaintiffs attempted to enroll this judgment once before. Defendant removed it based on federal question jurisdiction implications under the SPEECH ACT. Judge Guirolla remanded the case to the Circuit Court of Hancock County, making certain to elaborate that the judgment at issue (the same one at issue here) made claims of copyright infringement, which "is not included in the language of the SPEECH Act". See Document 22, Case 1:14-cv-00241-LG-JCG, *Perret et al. v. Handshoe*, In the United States District Court For the Southern District of Mississippi, Southern Division. Nevertheless, Defendant Handshoe has yet again removed this case to this Court along the same grounds as those for which this case and these issues were disposed of on November 24, 2014.

6. The foregoing grounds for remand are more fully set forth in Plaintiffs' *Memorandum in Support of Plaintiffs' Motion to Remand* filed in connection herewith.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, Vaughn Perret, Charles Leary, and Trout Point Lodge, Limited, prays that their *Motion to Remand* be granted, and this Court remand this back to the Circuit Court of Hancock County, Mississippi, for further proceedings.

Respectfully submitted, this the 20th day of January, 2016.

                                               **VAUGHN PERRET, CHARLES LEARY, TROUT POINT LODGE, LTD.**

                                               **By:** s/Kenneth T. O'Cain
                                                 Kenneth T. O'Cain, Esq.

**OF COUNSEL:**
Kenneth T. O'Cain (MSB#101124)
O'CAIN LAW FIRM, PLLC
567 Highway 51
Suite C
Ridgeland, MS 39157
Tel.: (601) 832-0990
Email: trey@ocainlaw.com

### CERTIFICATE OF SERVICE

I, Kenneth T. O'Cain, attorney for the Plaintiffs, Vaughn Perret, Charles Leary, and Trout Point Lodge, Ltd., do hereby certify that I have this date caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using the ECF system, which sent notification of such filing to all attorneys of record.

This the 20th day of January, 2016.

s/Kenneth T. O'Cain
Kenneth T. O'Cain