# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| **VAUGHN PERRET** | ) | |
| **CHARLES LEARY** | ) | **PLAINTIFFS** |
| **TROUT POINT LODGE, LTD, A Nova** | ) | |
| **Limited Company** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:16cv007-LG-RHW** |
| | ) | |
| **DOUGLAS HANDSHOE** | ) | **DEFENDANT** |
| | ) | |

## RESPONSE IN OPPOSITION TO PLAINTIFFS'

## MOTION TO REMAND

**MAY IT PLEASE THE COURT:**

Comes now into the Court defendant Douglas Handshoe, who respectfully submits via undersigned counsel this Response in Opposition to Motion to Remand (ECF #3 and EFC#4) by Vaughn Perret, Charles Leary, and Trout Point Lodge, Ltd., and who would show unto the Court as follows:

### BACKGROUND

Plaintiffs continue to materially misrepresent their foreign defamation suit and resulting component defamation and copyright judgments as a copyright infringement suit that is somehow not subject to the SPEECH Act of 2010 when a plain read of the Canadian court's opinion clearly indicates it is nothing more than a derivative of previous Canadian litigation was specifically rejected by this Court in the case *Trout Point et al v Handshoe* (herein after referred to as Trout Point #1)[1] Not only does the present judgment before this court duplicate allegations

---

[1] The Canadian Judge's Opinion is attached as Exhibit 1 to this Memorandum in Opposition to Plaintiffs' Motion to Remand.

that were contained in Trout Point #1 where the underlying Canadian defamation judgment specifically rejected by this Court, the Plaintiffs materially misrepresent their second judgment as a simple Copyright judgment despite the fact it is completely underpinned by the Canadian laws of Defamation along with a Canadian injunction the plaintiffs previously represented to this Honorable Court in Trout Point #1 of which they were not seeking enforcement but for which they now try to backdoor into the United States legal system in the form of yet another Canadian judgment that similarly results from the Plaintiffs' habit and practice of libel tourism. The Canadian Court bifurcated the last Defamation action now before this Court into multiple component judgments in an effort to circumvent the SPEECH Act of 2010. Plaintiffs have enrolled one of those multiple component judgments after curing fatal defects in their first attempt to enroll it in 2014 and this matter comes before this Court.

Interestingly, plaintiffs did begin their latest Canadian action as one which centered solely on three allegations of copyright infringement, none of which had any nexus with Nova Scotia, Canada. After defendant conclusively briefed the manifest jurisdictional problems with a Canadian court hearing matters related to copyrights emanating in the United States, and not in Canada, that were the subject of several takedown notices issued by both plaintiffs and other third parties at the behest of the plaintiffs' pursuant to 17 U.S.C. 512, plaintiffs moved to convert their "Application" to an "Action" on July 19, 2013, claiming that the new defamation causes of action arose "out of the same nexus of facts as the current acts of copyright infringement."[2] [3]

---

[2] The Canadian Court ultimately would continue Defendant's Jurisdictional Motion without date, thus the issue of jurisdiction was never decided by a Canadian court. Handshoe did not participate in the case after the Canadian Court refused to hear his jurisdictional motion.

[3] A 17 U.S.C. 512(f) civil action related to the misuse of the United States Copyright laws via those misrepresented DMCA Takedown Notices is currently before this Court. Instant Plaintiffs are currently evading service of process in that matter.

Astonishingly, the plaintiffs admitted their copyright infringement allegations and defamation were factually inseperatable when they moved to add the defamation allegations to their original action for Copyright Infringement as stated in a Canadian legal brief.

> *Both the defamation that the Applicants will allege and the copyright*
> *infringement already alleged arise from the same nexus of facts and should be*
> *addressed in a single proceeding.*

Today in the United States, the plaintiffs conveniently omit this fact, claiming instead the underlying action is a straightforward copyright infringement action when a plain read of plaintiffs' own briefs filed in Canada along with their largely incomprehensible, 43 page screed the Canadian courts amazingly allowed as an Amended Statement of Claim dated September 30, 2013, coupled with the final Canadian Court opinion indicates a vastly differing fact pattern where an injunction that was specifically rejected by the United States Fifth Circuit Court of Appeals[4] forms an integral part of the factual basis of the instant Canadian judgment before this Court. The ever-changing positions of these litigious plaintiffs are really nothing more than an effort to obtain a money judgment in Canada, truly based on defamation, and then try to mischaracterize their action as something different in the United States in a clear effort to avoid the application of the SPEECH Act. These parties should not be allowed to continue to abuse the legal processes of this country or their adopted country Canada.

## LAW AND ARGUMENT

## I. PLAINTIFFS MISCONSTRUE THE MEANING OF THE SAME MATTER IN THE CONTEXT OF A REMOVAL TO UNITED STATES COURT

The Defendant agrees with the Plaintiffs on the controlling case law involving whether **the same case** was properly or improperly removed for a second time. However the Defendant

---

[4] Trout Point Lodge, Ltd. v. Handshoe, 729 F.3d 481 (5th Cir. 2013)

argues the Plaintiffs misconstrue the opinions they cited in support of their position requesting remand as the procedural history of this matter clearly makes the case removable under this Court's Federal Question jurisdiction, the SPEECH Act of 2010 and this Honorable Court's exercise of Supplemental Jurisdiction pursuant to 28 U.S. Code § 1367(a).

Both *O'Bryan v. Chandler*, 496 F.2d 403, 410 (10th Cir.), cert. denied, 419 U.S. 986, 95 S.Ct. 245, 42 L.Ed.2d 194 (1974) and *SWS Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489 (5th Cir. 1996) involve **the same matter** being removed a second time after it was remanded. The Plaintiff's concede in paragraph 3 in their Motion to Remand that this is their seconded attempt to enroll the judgment at the heart of this instant action making the applicability of the aforementioned cases they cited in support of their motion a dubious comparison at best. Plaintiffs argue that the dismissal of their original petition to enroll a foreign judgment without prejudice for a "procedural defect" essentially makes this instant matter the same matter within the meaning of *O'Bryan* and *SWS Erectors* above, which Defendant contends is clearly not the case. Interestingly, the "procedural defect" causing the dismissal of their original action was the fact that the supporting affidavit the Plaintiffs submitted with their Petition to Enroll the underlying Canadian judgment was not prepared in accordance with the Mississippi Code's requirements for such an affidavit thus the Circuit court found that no court in Mississippi had jurisdiction to hear that matter and thus dismissed it.[5]

However, for the sake of argument, even if the Court were to find this civil action the same matter as the previous civil action for purposes of removal, by applying the logic found in *O'Bryan* and *SWS Erectors*, in curing the defects in their affidavit, the Plaintiffs have fundamentally changed a factual legal question surrounding their second state court action attempting to enroll their Canadian  judgment thus making the second case removable based

---

[5] The Circuit Court's judgment is attached as Exhibit 2.

upon a voluntary act of the Plaintiff complete with new facts asserted by them in the form of a revised affidavit. The court in *O'Bryan* explained in denying the Plaintiff's attempt to remand that matter for a second time:

> **To come within the perimeters of 1446(b), the amendment of the state court complaint must be one that makes the case removable at the time of the amendment, when the original state court petition did not state a removable action.**

The Fifth Circuit further explained in *SWS Erectors*:

> **The Fifth Circuit recognizes a defendant's right to seek subsequent removals after remand. See *Browning v. Navarro*, 743 F.2d 1069, 1079-80 n. 29 (5th Cir.1984) (noting that second removal petitions are permitted). As a general rule, once a case is remanded to state court, a defendant is precluded only from seeking a second removal on the same ground. The prohibition against removal "on the same ground" does not concern the theory on which federal jurisdiction exists (i.e., federal question or diversity jurisdiction), but rather the pleading or event that made the case removable.**

It is clear removal is proper in this action.  The Plaintiff's first attempt to enroll their Canadian judgment was supported by a defective affidavit which meant that no Court had jurisdiction to hear that matter. Filing an affidavit that met the statutory requirements in a new civil action seeking comity for the same Canadian judgment that was previously dismissed without prejudice creates new facts supporting removal including the applicability of the SPEECH Act of 2010.

Plaintiffs attempt to couch the removability of this matter in terms of the underlying Canadian judgment are misplaced.  While the entry of the Canadian defamation judgments certainly gave defendant an independent cause of action under the United States SPEECH Act, such action also currently before this Court[6] that did not make that Canadian judgments themselves removable within the meaning of *O'Bryan* and *SWS Erectors* as no event had

---

[6] Leary, Perret and Daniel Abel are currently evading service of process in that matter,

occurred to make those judgment(s) removable at the time they were entered by the Canadian Court. The event that made the judgment(s) removable occurred when the Plaintiff's filed their Petition to Enroll them in the Hancock County Circuit Court that is supported by an affidavit that conformed to the statutory requirements contained in the Mississippi Code.

Finally, this Court's previous remand order found that instant defendant failed to carry his burden of proof to support that removal as no evidentiary proof was submitted to support his contention the underlying Canadian Judgment at controversy constituted a "Defamation" judgment within the meaning of 28 U.S. Code § 4101(1).   This court has not ruled as a matter of law whether the Canadian 'Copyright' Judgment at issue, which is clearly substantively based on the Canadian tort of defamation, is considered "Defamation" within the meaning of the SPEECH Act as adopted.[7]

## II. REMOVAL IS PROPER UNDER 28 U.S. CODE § 1441, 28 U.S. CODE § 1367 AND 28 U.S. CODE § 4103

The Canadian judgment at controversy is one of two issued by the Canadian Judge that defaulted instant Defendant based on an Amended Statement of Claim submitted by the Plaintiffs dated September 30, 2013. It is attached as Exhibit 3.

The largely incomprehensible 43 page screed is chock full of conclusory, spleen venting allegations predominated by the tort of Defamation allegations that do not demonstrate falsity. Further, the allegations of Copyright Infringement rely in part[8] upon an Injunction issued by the Nova Scotia Court the United States Fifth Circuit Court of Appeals found, "does not comport with even the most basic protections against prior restraints on speech in the *United States. See*

---

[7] Section 4101(1) states: "Defamation The term "defamation" means any action or other proceeding for defamation, libel, slander, **or similar claim** alleging that forms of speech are false, have caused damage to reputation or emotional distress, have presented any person in a false light, or have resulted in criticism, dishonor, or condemnation of any person." (Emphasis added)

[8] Amended Statement of Claim dated September 30, 2013 at paragraph 211.

*Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976) (explaining the heavy presumption that a prior restraint on speech is unconstitutional)."[9]

Further the opinion of the Nova Scotia Court underlying what Plaintiffs represent as a 'copyright' judgment clearly relies in substantial part upon the same injunction[10] that was previously found to unenforceable by the United States Fifth Circuit Court of Appeals.

In an act of stunning outrageous disingenuousness, plaintiffs reasserted a Copyright claim they had previously asserted in their first Canadian Defamation action which judgment was specifically denied comity by this Court and the Fifth Circuit Court of Appeals in *Trout Point Lodge, Ltd. v. Handshoe*, 729 F.3d 481 (5th Cir. 2013) with both the previous and current matter asserting a copyright infringement count with regard to the "Ashoka Foundation" photographs.[11]

This latest attempt to enroll a Canadian judgment is nothing more than an attempt to re-litigate Trout Point #1 under the guise of a copyright judgment. Aside from reasserting copyright infringement on the Ashoka Foundation photographs, Plaintiffs also reasserted a defamation count related to the Concrete Buster's civil case filed in the New Orleans Civil District Courts, a matter which was inserted into the appellate record of Trout Point Lodge Ltd v Handshoe, 729 F.3d 481 (5th Cir. 2013) at the insistence of the plaintiffs and their business partner at Trout Point Lodge Daniel Abel.

Additionally, it is clear from definition of Defamation for purposes of the SPEECH Act of 2010 found at 28 U.S. Code § 4101(1) that it is more expansive than the Tort of Defamation itself by design because couching Defamation in terms of other torts including copyright infringement is a well-known tactic by those that file Strategic Lawsuits Against Public

---

[9] *Trout Point Lodge, Ltd. v. Handshoe*, 729 F.3d 481 (5th Cir. 2013)

[10] Opinion of the Nova Scotia Court in *Trout Point Lodge, Ltd v Handshoe* (2014 NSSC 62), Paragraphs 9 and 25.

[11] Tab 18 of the hearing book for Damages assessment submitted as evidence in the civil action Trout Point Lodge, Ltd. v. Handshoe, 729 F.3d 481 (5th Cir. 2013). A copy of the table of content along with tab 18 of that Nova Scotia civil action is attached as Exhibits 4 and 5, respectively.

Participation in order to avoid the high hurdle that constitutes a finding of malice within the meaning *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964). It is abundantly clear in both the plaintiffs' amended statement of claim and the resulting Canadian court opinion that the component judgments were derived from a civil action predominated by allegations against defendant Handshoe in his personal capacity that, "forms of speech are false, have caused damage to reputation or emotional distress, have presented any person in a false light, or have resulted in criticism, dishonor, or condemnation of any person."[12]

Finally, 28 U.S. Code § 4102(b)(1) provides that:

> Notwithstanding any other provision of Federal or State law, a domestic court shall not recognize or enforce a foreign judgment for defamation unless the domestic court determines that the exercise of personal jurisdiction by the foreign court comported with the due process requirements that are imposed on domestic courts by the Constitution of the United States.

It is undisputed that the multiplicity of Canadian defamation actions against Defendant in his personal capacity stems from the acts of a duly registered Mississippi Limited Liability Company, Slabbed New Media, LLC, an entity the Plaintiffs were demonstrably aware prior to filing their first Canadian defamation action in August 2011.[13] The Plaintiffs, including Vaughn Perret, a self-proclaimed "Park Avenue lawyer" that is admitted to the bar in the state of New York have purposely disregarded Slabbed New Media, LLC in favor of pursuing judgments against Defendant in his personal capacity, despite the Defendant's lack of any contacts with Canada that would subject him to the jurisdiction of the Canadian Courts, let alone comport to the jurisdictional due process requirements followed by the United States Courts.

---

[12] 28 U.S. Code § 4101(1)
[13] See attached sworn affidavit of Charles Leary dated October 7, 2011 in the Canadian defamation action styled Trout Point Lodge, Ltd et al v Louisiana Media Company, LLC, paragraphs 16 through 19 which is attached as Exhibit 6.

Plaintiffs appear before the Honorable Court United States Court with unclean hands, expecting comity for foreign Defamation judgments underpinned by self-evident deception and subterfuge that rises to the level of a collateral attack upon the previous judgment of this Court in Trout Point #1. The repeated attempts to backdoor a specious Canadian defamation judgment, in this instance under the guise of Copyright Infringement, constitutes questions of Federal law that only this Court has jurisdiction to hear and resolve. Defendant fully intends to seek Rule 11 sanctions against Plaintiffs should this Court find it has sufficient grounds to exercise jurisdiction over this matter.

## CONCLUSION

Upon examination of the amended statement of claim dated September 30, 2013 and the underlying Canadian opinion issued on February 14, 2014, it is without question that plaintiffs are seeking recognition of a foreign judgment that resulted from a foreign defamation lawsuit within the meaning of the SPEECH Act of 2010 that is based in large part upon a Canadian injunction the Fifth Circuit Court of Appeals has specifically rejected. Defendant prays the Court finds it has jurisdiction of this matter pursuant to 28 U.S. Code §§ 1441, 1367 and 4103 and that this matter should not be remanded to State Court.

Submitted this 2nd day of February, 2016,


s/ G. Gerald Cruthird
G. GERALD CRUTHIRD
Of Counsel for the Defendant Douglas Handshoe
Attorney At Law
Post Office Box 1056
Picayune, MS 39466
Telephone: (601) 798-0220
Mississippi Bar No. 7926
Email: picayunebarrister@cruthirdlaw.com

9

## CERTIFICATE OF SERVICE

I, G. Gerald Cruthird, Attorney for Defendant Douglas Handshoe, do hereby certify that I have this date caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using the ECF system, which sent notification of such filing to all attorneys of record.

Submitted this 2nd day of February, 2016,

s/G. Gerald Cruthird
G. GERALD CRUTHIRD
Of Counsel for the Defendant Douglas Handshoe
Attorney At Law
Post Office Box 1056
Picayune, MS 39466
Telephone: (601) 798-0220
Mississippi Bar No. 7926
Email: picayunebarrister@cruthirdlaw.com