**IN THE UNITED STATES DISTICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**VAUGHN PERRET
CHARLES LEARY
TROUT POINT LODGE, LIMITED**                                   **PLAINTIFFS**

**VS.**                                   **CIVIL ACTION NO.: 1:16-CV-00007-LG-RHW**

**DOUGLAS HANDSHOE**                                   **DEFENDANT**

<u>**REBUTTAL TO DEFENDANT'S RESPONSE TO MOTION TO REMAND**</u>

  **COMES NOW** the Plaintiffs, Vaughn Perret, Charles Leary and Trout Point Lodge, Limited, by and through the undersigned counsel, and files this his *Rebuttal to Defendant's Response to Motion to Remand* and would show unto the Court the following to-with:

  1.  Defendant conflates and confuses federal jurisdiction and removal jurisdiction, and it is Defendant's burden to establish proper jurisdiction. Because removal raises significant federalism concerns, the removal statute is to be construed strictly against removal and in favor of remand. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5thCir. 2008). Once a motion to remand is filed, the burden falls on the party asserting federal jurisdiction to show that the requirements for removal have been met. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995).

  2.  Defendant Handshoe fails to address, much less refute, much of Plaintiffs' factual and legal basis claimed in support of their motion to remand. Mr. Handshoe also misrepresents the nature of the dismissal *without prejudice* in state court of the enrollment of the self-same Canadian copyright infringement judgment already once remanded by this Court. He makes unsupported conclusory statements regarding how facts have changed in the new enrollment; however, no facts have changed. The same grounds for enrollment of the Canadian judgment exist now as they did in 2014. The state

court dismissal was based on purely procedural grounds, not factual components or legal grounds, and the second enrollment is identical to the first enrollment in all substance.  In fact, the affidavit that was filed with the second enrollment brought forth no new facts or allegations, as the information contained therein was simply a recitation of what was included in the Petition filed to initiate the first attempt to enforce the judgment.

3.      The facts of this case are simple and undisputed, as is *prima facie* the Defendant's petition for removal.  Defendant essentially argues that this Court should prefer form, a change in case number, over substance, and that this Court should re-litigate an issue of jurisdiction involving the same parties that is *res judicata*, which is an abuse of this Court's process.  "When the plaintiff moves to remand for lack of jurisdiction the burden of establishing jurisdiction rests upon the defendant." *Thigpen v. Cheminova, Inc.*, 992 F.Supp. 864, 866 (S.D.Miss. 1997); quoting *Kidd v. Southwest Airlines*, 891 F.2d 540, 543 (%thCir. 1990).  However, of interest is Handshoe's complete failure to mention, much less establish, what cause(s) of action he is seeking to rest as it involves diversity and supplemental jurisdiction.  This is clearly his burden, and he has failed to carry it to fruition, as there is no sound, legal basis for which this allegation lies.

4.      It remains undisputed, though represented otherwise by Defendant, that the state court dismissed (without prejudice) the enrollment of the self-same copyright infringement judgment from Nova Scotia Supreme Court because Plaintiffs' counsel Judith Barnett did not initiate the enrollment as required by "11-7-305(1) of the Mississippi Code of 1972," causing dismissal due to the fact that plaintiffs "failed to provide the required affidavit."  This decision was made *sua sponte* by the state court,

and was not a ground for dismissal ever argued by defendant.  As set forth in Plaintiffs' *Motion to Remand*, the underlying dispute is not an "action" for purposes of consideration under the SPEECH Act according to the definition of "action" under Mississippi Code Ann. § 11-7-309.  This litigation merely involves the procedural enrollment of a judgment previously obtained, and Handshoe has failed to address this in support of his removal.

5.      Flying in the face of the state court's Order, Defendant relates to this Honorable Court that in the first enrollment, "the supporting affidavit the Plaintiffs submitted with their Petition to Enroll the underlying Canadian judgment was not prepared in accordance with Mississippi's requirements for such an affidavit." This is false; the fact is, as found by the state court, there was no affidavit filed with the initial enrollment of the Nova Scotia Supreme Court judgment in Hancock County Circuit Court.  The state court reasoned that it did not have jurisdiction to proceed.  Despite disagreement with that rationale, Plaintiffs chose to re-file as opposed to challenging the ruling, as the dismissal was without prejudice and it was simply more efficient.  The affidavit requirement is merely a "notice" requirement under the statute to afford due process; however, a look at the lengthy proceedings, coupled with Defendant's failure to address any lack of notice defenses that may have been available, makes it clear that there were no issues with notice and due process and that any arguments in that regard were effectively waived by the Defendant and/or non-existent.

6.      Defendant then goes on to argue based on this false assertion that an affidavit did exist, which is contradicted by Defendant's own exhibit, stating "the Plaintiffs have fundamentally changed a factual legal question surrounding their second

state court action attempting to enroll their Canadian judgment." Defendant goes on to argue there are "new facts asserted [by Plaintiffs] in the form of a revised affidavit." There is no "revised affidavit" and there are no new facts. As there was no affidavit in the first enrollment, there cannot be the "fundamental change" to "a factual legal question" argued by Defendant that would justify a second removal that is, in true reality, based on "the same ground" involving the same parties.

**Defendant cannot remove a second time on**
**the same ground involving the same parties.**

7.     As a general rule, once a case is remanded to state court, a defendant is precluded from seeking a second removal *on the same ground. S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 492 (5th Cir. 1996) (emphasis added). *See, e.g., St. Paul & C. Ry. Co. v. McLean,* 108 U.S. 212, 216-17 (1883). A remand order is conclusive only regarding the matters actually adjudged. *Id.*; see also *Simmons v. Mississippi Farm Bureau Casualty Insurance Co.*, 4:14-cv-00154-NBB-JMV (N.D.Miss. 2015) In an oft-cited decision, The Supreme Court has stated: "[A] party is not entitled, under existing laws, to file a second petition for removal upon the same grounds, where upon the first removal by the same party, the federal court declined to proceed and remanded the suit ...." *St. Paul & C. Railway Co. v. McLean,* 108 U.S. 212, 217 (1883).

8.     Yet another case demonstrating this well-settled principle has stated:

> As a general rule, after a case has been remanded to state court, a defendant may not again remove the case on the very same ground. *St. Paul & C. Ry. Co. v. McLean,* 108 U.S. 212, 217 (1883); *A.O.A. v. Doe Run Res. Corp.,* 833 F.Supp.2d 1126, 1134 (E.D.Mo. 2011); *cf.* 28 U.S.C. § 1447(d) (disallowing in most circumstances the district court to reconsider its own remand orders).

*Groh v. JPMorgan Chase Bank, NA*, No. 14-CV-578-W-DGK (W.D. Mo. Oct. 1, 2014).

Defendant tries very hard to make the facts fit the law to suit his theories, but this is not allowed or possible under these facts.  As made clear in the case cited by Defendant, *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996), "Section 1446(b) allows [a defendant] to file successive removals based on [a] different factual basis, "only where the different facts are obtained from the plaintiff.  The Plaintiffs have not provided any new facts in their second enrollment of the self-same money judgment than existed in the first enrollment of that money judgment. The only change is the filing of the required affidavit, which, as the state court Order makes clear, only provided testimony as to the last known address of the Defendant.  This was for notice purposes only and in order to satisfy the trial court's reasoning that it was necessary to afford it jurisdiction.  The affidavit did not contain any information, facts, or allegations that were not contained within the original petition filed in the first action.

9.     Defendant does not ask this Court to vacate its previous remand order, however this would not be permissible either.  The initial problem is whether a district court has power to vacate its remand order after the state or local court has reassumed jurisdiction.  The solution revolves upon the correct interpretation of 28 U.S.C. § 1447(d), which provides, in material part, "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."  There is no more reason for a district court being able to review its own decision, and potentially revoke the remand, than for an appellate court requiring it to do so.  Both are not permissible nor logical; as nothing could be more inclusive than the phrase "on appeal or otherwise." "The district court has one shot, right or wrong." *In re La Providencia Development Corporation*, 406 F.2d 251 (1st Cir. 1969).

10.     In *Nexbank, SSB v. BAC Home Loan Servicing, LP*, Civil Action No. 3: 11-CV-00279-L (N.D. Tex. Oct. 28, 2011), defendants had removed, for a second time, a state court lawsuit under purported federal question jurisdiction.  Prior to the 2nd removal, the state court had dismissed, on a motion for partial summary judgment, part of the plaintiff's claims.  Under Mr. Handshoe's theory of the law of *res judicata* and removal, this would be sufficient to establish grounds for a second removal— something……anything….. to change the situation.  However, neither the district court nor the parties made this far-fetched argument.

11.     Neither party disputes that Defendants asserted, and Judge Kinkeade previously considered, whether Plaintiff's purchase of securities in the aftermarket was dispositive as to Plaintiff's 1933 Act claim. Consequently, this ground cannot serve as a basis for Defendants' second removal. *S.W.S. Erectors, Inc.,* 72 F.3d 489 at 492 ("[A] defendant is precluded . . . from seeking a second removal on the same ground.").

*Nexbank*, *supra* at 8.  That is, if the ground for remand has already once been considered by the district court, a second removal cannot be sought on that ground, which is precisely what Mr. Handshoe is asking this Court to do here.

12.     Next, the Nexbank court rejected the argument that defendants could use facts already in their possession at the time of the first removal, but not brought forth at that time, to justify the second removal.  "Because Defendants clearly could have but did not raise this 'new' improper or fraudulent pleading ground when they removed the case the first time in March 2010, it cannot serve as a basis for Defendants second removal in February 2011."  See *Nexbank*, *supra* at 9*.*  Then, the district court took up whether "the state court order granting Defendants' motion for partial summary judgment qualified as a new event that triggered Defendants'

right to remove the case a second time under the second paragraph of section

1446(b)." *Id.* at 13.  That rule does not appear applicable here, though clearly the

state court's *sua sponte* dismissal of their first enrollment of the Canadian judgment

was clearly not "voluntary" under the voluntary/involuntary rule.

13.     Indeed, as recounted in *AOA v. Doe Run Resources Corp.*, 833 F.Supp.2d

1126 (E.D. Mo. 2011), the Court faced a series of state court cases involving the same

parties and the same grounds for tort claims, with repeated removals to federal court.

This case stands for the correct proposition that even if there are two separate lawsuits

with two distinct case numbers filed at different times, if the cases involve the same

grounds and the same parties, a second removal is impermissible.  Plaintiffs were "next

friends" of Peruvian children who alleged that they had been injured by exposure to toxic

substances from a mine.  They filed an action in state court alleging state tort claims

against the American companies who they said controlled the mine.  Defendants removed

the case to federal court, alleging subject-matter jurisdiction under the Class Action

Fairness Act of 2005 (CAFA), which vested the Court with diversity jurisdiction, or arose

under the federal common law of foreign relations, giving federal question jurisdiction.

14.     However, a previous case involving the same parties and the self-same

issues of federal question jurisdiction had already once been remanded by the same U.S.

district court:

> Defendants removed the case to this Court on November 2, 2007, alleging
> that federal question jurisdiction existed because plaintiffs' claims raised
> substantial questions relating to the acts and obligations of a foreign state
> (Peru), international law, and foreign policy issues.  That case, bearing
> cause number 4:07CV 1874 CDP, was remanded to state court for lack of
> subject-matter jurisdiction on March 18, 2008. *See A.A.Z.A. v. Doe Run
> Res. Corp.,* Civil Case No. 4:07CV1874 CDP [#61]. As explained in the
> Memorandum and Order of Remand, plaintiffs' complaint only raised state

law claims and alleged only acts and damages that occurred when
the American defendants owned and controlled the Complex.

*AOA,* 833 F.Supp.2d 1126.

15.     In 2008, two new cases brought by the same next friends on behalf of

different Peruvian children were filed in Missouri state court, alleging the same facts and

asserting the same claims against the same defendants as before. All defendants removed

both cases to federal court, again asserting federal question jurisdiction.  That Court

"remanded the cases *sua sponte* on October 9, 2008.  *See A.O.A. v. Doe Run Res.*

*Corp.,* Civil Case No. 4:08CV1416 CDP [#19];  *K.G.C. v. Doe Run Res. Corp.,*Civil Case

No. 4:08CV1420 CDP [#19]."  That remand decision stated:

> Defendants present the same factual and legal arguments in support of
> federal question jurisdiction in this case that they presented in Cause
> Number 4:07CV1874 CD P.  Having carefully considered defendants'
> arguments under the relevant legal standards, I conclude that plaintiffs'
> claims arise under state law and that this court lacks subject-matter
> jurisdiction for the same reasons that I stated in my prior Memorandum
> and Order remanding Cause Number 4:07CV1874 CDP.  That
> Memorandum and Order, which appears as Docket number 61 in Cause
> Number 4:07CV1874CDP, is incorporated herein as if fully set forth
> below and is also appended hereto for ease of reference.

*Id.*

16.     There are numerous similarities between that Missouri case of

impermissible second removal, and the instant case of a second removal by Handshoe.

As in this case, there are two different case numbers originating from two different filings

in state court; as in this case, the parties were the same (though in the Missouri case the

underlying children plaintiffs were different—nevertheless having the same parties in this

case is even more compelling grounds to remand); as in this case, the underlying grounds

claimed in state court were the same, and thus in reality the alleged basis for federal

jurisdiction was the same. It did not matter that some facts had changed—the underlying children plaintiffs—or that this was a new action; what mattered "under relevant legal standards" was "a second petition for removal upon the same grounds, where upon the first removal by the same party, the federal court declined to proceed and remanded the suit." *See St. Paul & C. Railway Co. v. McLean,* 108 U.S. 212, 217 (1883), *supra.*  This second removal must also be remanded again, as demonstrated herein.

**Defendant Abandoned Opposition to Plaintiffs'
Argument Regarding Diversity of Citizenship**

17.     As stated in Plaintiffs' original brief, Defendant cited federal diversity jurisdiction as the basis for removal, and then also cited the SPEECH Act of 2010. The SPEECH Act itself, exactly like the Class Action Fairness Act of 2005, requires a minimal diversity of citizenship among the parties.  "When **CAFA** is the basis for federal jurisdiction, "the party seeking federal jurisdiction on removal bears the burden of establishing that jurisdiction." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 686 (9th Cir. 2006)."

18.     Whether under CAFA or the SPEECH Act, the U.S. District Court must assess whether the removing Defendant established the required diversity of citizenship in his removal petition; "at least one plaintiff and one defendant are from different states, and the **simple diversity** required by **CAFA** is satisfied." See *Abrego*, *supra*.  Defendant here has failed to establish the citizenship of any party, and the personal plaintiffs are stateless U.S. citizens, which destroys the complete diversity required for federal diversity jurisdiction.

19.     The secondary basis for removal was purported federal jurisdiction under the SPEECH Act, but, again, the Defendant's burden to establish simple diversity

required by that Act was not met. For this reason alone, the case must be remanded. Notably, the Missouri case cited above involved CAFA, which is the only other piece of federal legislation known to Plaintiffs that, like the SPEECH Act, has a requirement for minimal diversity in order to effect removal of a case to a U.S. district court.  Thus, that court spoke of "federal diversity jurisdiction" under CAFA, emphasizing the fact that diversity, as alleged in the removal petition, is a requirement of removal jurisdiction. The same diversity requirement is contained in the SPEECH Act.

> Sec. 4103. Removal
>
> In addition to removal allowed under section 1441, any action brought in a State domestic court to enforce a foreign judgment for defamation in which--
>> (1) any plaintiff is a citizen of a State different from any defendant;
>> (2) any plaintiff is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>> (3) any plaintiff is a citizen of a State and any defendant is a foreign state or citizen or subject of a foreign state,
>
> may be removed by any defendant to the district court of the United States for the district and division embracing the place where such action is pending without regard to the amount in controversy between the parties.

As noted before, Defendant has failed to plead the citizenship of any of the parties, which is fatal, on its face, to support or even justify removal of this case.

20.      Diversity was well explained in *Thompson v. Gillen*.  "Diversity of citizenship, being grounds for original federal jurisdiction, is also a basis for removal jurisdiction.  *See generally,* J. Moore & J. Wicker, Moore's Fed.Prac. § 0.161 (1979).  In the instant case, however, neither the removal petition, nor the bill of complaint filed in State court, nor any of the other pleadings before the Court, indicate or allege that the parties to this litigation are of diverse citizenship.  The petition, as noted,

does allege that the parties reside in different States.  But it is a long established

proposition that domicile, not residence, determines State citizenship for the purposes of

diversity jurisdiction. *Robertson v. Cease,* 97 U.S. 646, 24 L.Ed. 1057 (1878).  Thus on

the face of the pleadings the requisite diversity of citizenship is not alleged." *Thompson*

*v. Gillen*, 491 F. Supp. 24 (E.D. Va. 1980).

     21.    Just like in *Thompson, supra*, the Plaintiffs here have not made any

representations that would give rise to removal under diversity of citizenship.

> There is no allegation either in the complaint or in the petition
> for removal which alleges diversity of citizenship between the plaintiff
> and the defendant.  On the other hand, the only allegation is that the
> plaintiff is a resident of the City of Fort Smith, Arkansas, and that the
> defendant is a resident of Richmond, Virginia.  It will be noted that the
> allegation cannot even be considered as a defective allegation of diversity
> of citizenship.  No mention is made in either the complaint or the petition
> for removal of the citizenship of either of the parties.
> [...] it is incumbent on any party seeking relief in a federal court to
> specifically allege the facts upon which the jurisdiction of the court
> depends.  "It is plain that the court acquires its jurisdiction from the
> petition * * *." *Tucker v. Kerner* (7th Cir., 1950), 186 F.2d 79, 82.

*Yarbrough v. Blake,* 212 F.Supp. 133 (W.D.Ark.1962).

### Defendant Cannot Use Proposed Defenses and Additional Pre-Existing Evidence to Vest Federal Jurisdiction; He Must Rely on Plaintiff's State Court Complaint

     22.    Defendant must have based his removal, and the facts stated in his

petition, on the plaintiffs' complaint in state court.  His attempt to argue for federal

jurisdiction based on proposed defenses is not permissible; *see Aaron v. National Union*

*Fire Ins. Co.,* 876 F.2d 1157, 1160-61 (5th Cir.1989) (noting that a defendant may

remove a case from state court only when the complaint reveals on its face that it contains

an issue of federal law), *cert. denied,* 493 U.S. 1074, 110 S.Ct. 1121, 107 L.Ed.2d 1028

(1990); see also *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256 (5th Cir. 1995)

("determining removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal").

23.     This state court complaint is for enrollment of a copyright infringement judgement, not a defamation judgment, or anything resembling a defamation judgment as defined by the SPEECH Act.  This Court has already addressed this issue. In addition, the Court has considered Defendant's "bifurcation" argument, and rejected it as well.  On page 6 of his brief, Mr. Handshoe tells this Honorable Court that it "has not ruled" whether the Canadian money judgment at issue here is included as a defamation judgment under the SPEECH Act.  This baldly contradicts this Court's own 2014 opinion and order on remand, which makes clear this Court did consider the precise issue again raised by Defendant, including his exhibits:

> Defendant's statement that the final opinion of the Canadian court and Plaintiffs' filings in that court "indicate[] a vastly differing fact pattern where defamation is the primary tort alleged[,]" (Def's. Mem. 2, ECF No. 13), does not persuade the Court that removal is proper, either. This Court was not provided a copy of the final opinion of the Canadian court, only the judgment. And, while the filings attached to Defendant's Memorandum do include defamation allegations, again, the actual judgment sought to be enforced is not for defamation.

See Case 1:14-cv-00241-LG-JCG, Dkt # 22 (S.D.Miss.) (11/24/2014).  Again, nothing has changed.

24.     This Court has clearly determined previously that this litigation involves the issue of enforcing a Canadian copyright infringement judgment, not a defamation judgment.  Copyright judgments from Canada warrant speedy recognition by United States courts, not in the least part due to international agreements and treaties.

25.     Notably, the North American Free Trade Agreement (NAFTA) established a free-trade zone in North America; it was signed in 1992 by Canada, Mexico, and the

United States and took effect on Jan. 1, 1994.  Chapter 17 of NAFTA addresses

intellectual property rights, including copyright, and states at Art. 1701: "1.  Each Party

shall provide in its territory to the nationals of another Party adequate and effective

protection and enforcement of intellectual property rights, while ensuring that measures

to enforce intellectual property rights do not themselves become barriers to legitimate

trade."  Art 1703 says:  "Each Party shall accord to nationals of another Party treatment

no less favorable than that it accords to its own nationals with regard to the protection and

enforcement of all intellectual property rights."  Art. 1705(2) states:

"Each Party shall provide to authors and their successors in interest those rights

enumerated in the Berne Convention in respect of works covered by paragraph 1,

including the right to authorize or prohibit:

> (a)    the importation into the Party's territory of copies of the work made
>         without the right holder's authorization;
> (b)    the first public distribution of the original and each copy of the work by
>         sale, rental or otherwise;
> (c)    the communication of a work to the public; and
> (d)    the commercial rental of the original or a copy of a computer program.

26.    In addition, grasping at a thin reed, Defendant now presents this Court

with the decision of Justice Coady.  The Nova Scotia Court provided Mr. Handshoe with

a copy of that judgment the day it was rendered pursuant to his Demand for Notice under

Nova Scotia Civil Procedure Rules.  It was simultaneously published as public record by

that court (http://decisions.courts.ns.ca/nsc/nssc/en/66828/1/document.do), and was

retrievable on a variety of legal databases in the United States.  Simply stated, Justice

Coady's opinion is not new evidence.  However more compelling rationale exists, "Re-

removal is not proper where defendant simply supplies evidentiary support that the first

remand was incorrect. *See Collins v. Fingerhut Cos.,* 117 F.Supp.2d 1283, 1284-85

(S.D.Ala.2000).  A second removal based on the same ground as the first does not reinvest the court with jurisdiction.  *Seedman v. United States District Court For the Central District of California,* 837 F.2d 413, 414 (9th Cir.1988)."  *TKI, Inc. v. Nichols Research Corp.*, 191 F. Supp. 2d 1307 (M.D. Ala. 2002).

27.     Finally, this Honorable Court should have reason to be wary of Mr. Handshoe's representations regarding jurisdiction. Defendant closes this rebuttal brief with two examples of intentional misrepresentations made by Mr. Handshoe to this district court.

28.     First, in *Handshoe v. Yount, et. al.*, Judge Starrett dismissed certain state law claims made by instant Defendant, and also dismissed with prejudice his 17 USC 512(f) allegations; Case 1:14-cv-00159-KS-MTP Document 82 Filed 01/08/16.  This district court found on the matter of federal question jurisdiction:

> Plaintiff submitted a signed, sworn Affidavit [75-1] representing that his damages in this action amounted to $75,000. In doing so, Plaintiff represented by implication that this amount was calculated based on the total amount of damages which he incurred and to which he was entitled under law. Plaintiff's argument now amounts to an admission that he previously made false representations concerning his damages to the Court and that, in doing so, willingly forewent an additional potential award of about $40,000 from Abel in default judgment.

It appears Judge Starrett was unaware that Mr. Handshoe made strategic (mis)representations to this Court in a previous, removed case where he was the Plaintiff.

29.     Secondly, in 2013, Mr. Handshoe sued Chris Yount, Daniel Abel, Charles Leary, Vaughn Perret, Trout Point Lodge, and others in Hancock County Circuit Court. That case was removed by the defendants to this Court.   Your Honor was considering diversity jurisdiction.  With an affidavit, Handshoe convinced the Court to remand the

case back to state court.  This Court found (*Handshoe v. Broussard*, Cause No. 1:

13CV251-LG-JMR (S.D. Miss. Sept. 23, 2013)):

> The defendants filed briefs asking the Court to construe Handshoe's Complaint in a manner that would demand punitive damages, seek the dismissal of lawsuits pending in other jurisdictions, and request that the Canadian judgment be overturned.  The defendants argue that the Court should add the value of the Canadian judgment and other lawsuits filed by the defendants against Handshoe to the amount in controversy claimed by Handshoe.  The defendants also rely on the fact that Handshoe is demanding approximately $55,000 in attorneys' fees pursuant to the SPEECH Act in the *Handshoe* I lawsuit. Certain defendants also accuse Handshoe of fraudulently asserting that the amount in controversy is less than $75,000.  The Court is not persuaded the defendants' arguments that Handshoe may later seek damages exceeding $75,000.  Handshoe's Complaint makes no reference to punitive damages, and in affidavits filed one month after removal of the case to this Court, Handshoe stated that his damages totaled $25,000. (*Handshoe* II, ECF Nos. 19-1, 20-1, 24-1).  In his brief concerning subject matter jurisdiction, Handshoe itemized those damages and specifically stated that the damages he sought at the time of removal totaled $25,000.  <u>He also submitted an affidavit in which he specifically disavowed his right to recover any damages in excess of $74,999.99 in this lawsuit.</u>  The defendants have not provided the Court with any evidence that disputes the amount of damages claimed by Handshoe. (emphasis added).

30.     In October of 2014, Handshoe made a mockery of this Court's reliance on

his statements and affidavit, and amended his remanded Hancock County lawsuit to

allege everything this Court had found he would not ask for based on his previous sworn

testimony. This included damages "in the amount of $817,000, to be trebled according to

the law and for all other damages including punitive, exemplary and other damages

related to the other torts herein alleged . . ." He also sought equitable relief in the

amended pleading. (See Exhibit "A", which is attached hereto and incorporated herein by

reference).

31.     Based upon the foregoing, this case should be immediately remanded to

Hancock County Circuit Court, and the Defendant should rightly owe attorney's fees and

costs for this second removal that offended this Court's previous order, the Federal Rules of Civil Procedure, and the principle of *res judicata*.

      **WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, Vaughn Perret, Charles Leary and Trout Point Lodge, LTD., pray that theit Motion to Remand be granted, and this Court remand this matter back to the Circuit Court of Hancock County, Mississippi.

      Respectfully submitted, this the 9th day of February, 2016.

                            **VAUGHN PERRET,  CHARLES LEARY, TROUT POINT LODGE, LTD.**

                            **By:** <u>s/Kenneth T. O'Cain</u>
                                    Kenneth T. O'Cain, Esq.

**OF COUNSEL:**
Kenneth T. O'Cain (MSB#101124)
O'CAIN LAW FIRM, PLLC
567 Highway 51
Suite C
Ridgeland, MS 39157
Tel.: (601) 832-0990
Email: <u>trey@ocainlaw.com</u>
*Attorney for Plaintiffs*

<u>**CERTIFICATE OF SERVICE**</u>

      I, Kenneth T. O'Cain, attorney for the Plaintiffs, Vaughn Perret, Charles Leary, and Trout Point Lodge, Ltd., do hereby certify that I have this date caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using the ECF system, which sent notification of such filing to all attorneys of record.

      This the  day 9th of February, 2016.

                            <u>s/Kenneth T. O'Cain</u>
                            Kenneth T. O'Cain

16