IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

VAUGHN PERRET; CHARLES LEARY;
and TROUT POINT LODGE, LTD,
a Nova Limited Company                                          PLAINTIFFS

v.                                              CAUSE NO. 1:16CV7-LG-RHW

DOUGLAS HANDSHOE                                                DEFENDANT

### ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

BEFORE THE COURT is Plaintiffs' [3] Motion to Remand with respect to
their Filing of Foreign Judgment in the Circuit Court of Hancock County,
Mississippi.  The subject judgment is a Canadian judgment for copyright
infringement reflected by an Order of the Supreme Court of Nova Scotia.

Having considered the submissions of the parties, the record in this matter,
and the relevant law, the Court is of the opinion that the Motion should be granted.
Defendant, as the removing party, has not carried his burden to show that removal
is proper based on diversity jurisdiction or under the Securing the Protection of our
Enduring and Established Constitutional Heritage (SPEECH) Act enacted by
Congress in 2010.  The Court denies Plaintiffs' request for an award of costs and
fees under 28 U.S.C. § 1447(c).

### BACKGROUND

Plaintiffs filed a foreign judgment in the Circuit Court of Hancock County,
Mississippi, in December 2015.  They had previously filed a Petition to Enroll
Foreign Judgment in that court on June 2, 2014.  Defendant removed the June 2014

action to this Court, which remanded it back to state court in November 2014. (*See generally* 1:14cv241-LG-JCG). The state court ultimately dismissed the June 2014 action without prejudice because Plaintiffs failed to provide an "affidavit with the names and last known addresses of the [judgment] creditor[s] and debtor[,]" as required by Mississippi law to enroll and enforce a foreign judgment. (*See* Order of Dismissal, ECF No. 6-2). As a result, Plaintiffs filed the current state court action to enforce the judgment (this time supported by an affidavit) which Defendant again removed to this Court.

The judgment at issue is a Canadian judgment reflected by an Order by the Honourable Justice Kevin Coady of the Supreme Court of Nova Scotia. (*See* Order, ECF No. 1-1 at p.4). In the Order, Justice Coady states that damages are being awarded because the court is "satisfied that the Defendant Douglas K. Handshoe infringed all three plaintiffs [*sic*] copyright in photographic images throughout 2012 and 2013." (*Id.*).

As he did previously, Defendant removed the action to this Court, arguing that Plaintiffs are actually trying to enforce a foreign defamation judgment, and, thus, the Court has jurisdiction over Plaintiffs' action pursuant to the SPEECH Act. He also argues that the Court has diversity jurisdiction over the action.

Plaintiffs timely filed a Motion to Remand. They contend (1) that the Court's prior remand order has *res judicata* effect; (2) that in any event they are not seeking to enforce a foreign judgment for defamation but for copyright infringement; and,

(3) that Defendant has not established that the Court has diversity jurisdiction over this action.  They also request an award of their costs and fees pursuant to 28 U.S.C. § 1447(c).  Defendant opposed the Motion, and Plaintiffs replied.

## DISCUSSION

"As a general rule, once a case is remanded to state court, a defendant is precluded only from seeking a second removal *on the same ground*."  *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996) (emphasis in original).  The prohibition against removal 'on the same ground' does not concern the theory on which federal jurisdiction exists (i.e., federal question or diversity jurisdiction), but rather the pleading or event that made the case removable."  *Id.*

The pleading on which the first removal was based was Plaintiffs' Notice of Filing of Foreign Judgment in June 2014.  This Court remanded that pleading to the state court, which dismissed it without prejudice for failure to file a required affidavit.  Plaintiffs then filed the currently pending state court action supported by the required affidavit, and the state court assigned a new civil action number.  (*See* State Court Filings, ECF No. 1-1).  Accordingly, the Court finds that Defendant was not prohibited from removing the new state court action.

However, the Court is of the opinion that it does not have jurisdiction over the new action, and will remand that action to the Circuit Court of Hancock County, Mississippi.  The Court finds that an award of costs and fees to Plaintiffs is not warranted.

3

**Whether Removal Was Proper**

In cases removed from state court, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "To determine whether jurisdiction is present for removal, [the Court] consider[s] the claims in the state court petition as they existed at the time of removal[,]" *id.*, and is required to resolve "[a]ny doubt as to the propriety of removal . . . in favor of remand." *In re Hot Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

A.      **Diversity Jurisdiction**

Defendant has failed to establish that the Court has diversity jurisdiction over this action. "For diversity jurisdiction, the party asserting federal jurisdiction must distinctly and affirmatively allege the citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (citation, quotation marks, and brackets omitted); *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). "The record in this case does not distinctly and affirmatively allege the citizenship of the parties." *Ditcharo v. Wal-Mart Stores E., LP*, No. 1:15-cv-312-HSO-JCG, 2015 WL 7078761, at *3 (S.D. Miss. Nov. 13, 2015). Defendant's conclusory statement that "Plaintiffs' suit involves diverse parties[,]" (Notice of Removal 1, ECF No. 1), is insufficient. *See, e.g.*, *Davis v. Wells Fargo Bank, N.A.*, No. 4:13-cv-910-A, 2013 WL 6768058, at *2 (N.D. Tex. Dec. 18, 2013) (remanding action to state court).

"When a removing party fails to satisfy its initial burden of establishing complete diversity of citizenship, the Court 'cannot presume the existence of federal jurisdiction.'" *Ditcharo*, 2015 WL 7078761, at *3 (quoting *Howery* 243 F.3d at 919). Therefore, remand is required unless Defendant can establish another basis for the Court's jurisdiction. *See id.*

**B.     The SPEECH Act**

The Court also rejects Defendant's argument that the Court acquired jurisdiction under the SPEECH Act.  "Notably, the SPEECH Act does not pertain to *all* foreign judgments allegedly inconsistent with any part of the First Amendment but *focuses uniquely on defamation . . . .*"  *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 1004 n.22 (9th Cir. 2013) (emphasis added).

The removal provision of that Act, 28 U.S.C. § 4103, states:

In addition to removal allowed under section 1441, any action brought in a State domestic court to enforce a foreign judgment for defamation in which—

(1) any plaintiff is a citizen of a State different from any defendant;

(2) any plaintiff is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or

(3) any plaintiff is a citizen of a State and any defendant is a foreign state or citizen or subject of a foreign state,

may be removed by any defendant to the district court of the United States for the district and division embracing the place where such action is pending without regard to the amount in controversy between the parties.

5

Based on the explicit language of the Canadian court Order, the underlying foreign judgment is for copyright infringement.  Because the Court must resolve all doubts in favor of remand and is of the opinion that a judgment for copyright infringement is not within the purview of the SPEECH Act, the Court finds that this action must be remanded.

"The task of statutory interpretation begins and, if possible, ends with the language of the statute." *Trout Point Lodge, Ltd. v. Handshoe*, 729 F.3d 481, 486 (5th Cir. 2013).  "[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992).

The SPEECH Act defines "defamation" as "any action or other proceeding for defamation, libel, slander, or similar claim alleging that forms of speech are false, have caused damage to reputation or emotional distress, have presented any persons in a false light, or have resulted in criticism, dishonor, or condemnation of any person." 28 U.S.C. § 4101.  Although this definition of defamation is broader than the definition of common law defamation, copyright infringement is not included.  Nor is copyright infringement discussed in the Act's legislative history.

Furthermore, the judgment sought to be enforced – which concerns the publication of photographs that Plaintiffs alleged were copyright-protected – is not a judgment for a "similar claim alleging that forms of speech are false, have caused damage to reputation or emotional distress, have presented any persons in a false light, or have resulted in criticism, dishonor, or condemnation of any person."

Indeed, unlike the judgment at issue in the claim previously before the Fifth Circuit and this Court, the judgment at issue here does not involve allegations of false or damaging forms of speech at all.[1]  Instead, the judgment concerns purported property rights in photographic images.  *See, e.g.*, *Axcess Broad. Servs., Inc. v. Donnini Films*, No. 3:04-cv-2639, 2006 WL 1115430, at 3 n.1 (N.D. Tex. Aug. 26, 2006) ("A copyright is a property right . . . .").

Defendant contends that the Canadian court bifurcated the Canadian case into multiple component judgments in an effort to circumvent the SPEECH Act. The Court will not question the motivations of the Canadian court based on conclusory allegations by Defendant.  Regardless, Plaintiffs are not seeking to enforce any defamation component judgment, but only the copyright infringement component judgment.  There is no indication that the judgment sought to be enforced encompasses any monetary damages awarded for defamation, and, thus, no basis for removal under the SPEECH Act.  Moreover, Defendant has not cited and the Court has not found any authority as part of the SPEECH Act or otherwise that would make a bifurcated judgment unenforceable.

Finally, to the extent Defendant is arguing that the Canadian court lacked jurisdiction over him and that the judgment is thus unenforceable in this country, it will be for the Mississippi state court to decide whether the Canadian court had

---

[1] While Defendant states that Plaintiffs are trying to re-litigate issues already decided by the Fifth Circuit in *Trout Point Lodge*, 729 F.3d 481, there is no mention of copyright infringement in the Fifth Circuit's opinion.

jurisdiction and whether its judgment is valid and enforceable in this state in accordance with the principle of comity.  *See Laskosky v. Laskosky*, 504 So. 2d 726, 729 (Miss. 1987) (discussing state court enforcement of foreign judgment); *see also Miss. Dep't of Human Servs. v. Shelnut*, 772 So. 2d 1041, 1045 (Miss. 2000) ("[T]he ability of a court to give effect to a foreign judgment necessarily depends upon the judgment being valid in the first place.").  The record indicates that Defendant has already filed a Motion in the state court arguing that that court should not enforce the Canadian judgment.

**Whether Plaintiffs are Entitled to Fees and Costs**

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447.  The Court may, in its discretion, order an award of costs and fees "when the removing party lacks an objectively reasonable basis for removal."  *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 541 (5th Cir. 2012) (citation and quotation marks omitted).

It appears to the Court that Defendant reasonably believed that, due to the dismissal of the June 2014 state court action, he could remove the December 2015 state court action to this Court on the basis of the SPEECH Act.  Furthermore, there remains a dearth of case law discussing removal under that Act.

As a result, the Court cannot say that Defendant did not have an objectively reasonable basis for removal on the basis of that Act, and will not exercise its discretion to award Plaintiffs their costs and fees.  Defendant is strongly cautioned

against removing future actions, however, based on conclusory allegations of diversity jurisdiction.

## CONCLUSION

Defendant has failed to demonstrate that removal of Plaintiffs' state court action to this Court was proper.  However, the Court will not assess costs and fees against Defendant, as discussed above.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [3] Motion to Remand is **GRANTED**.  The above styled and numbered cause should be and is hereby **REMANDED TO THE CIRCUIT COURT OF HANCOCK  COUNTY, MISSISSIPPI**.

**IT IS FURTHER ORDERED AND ADJUDGED** that a certified copy of this order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiffs' request for an award of their costs and fees pursuant to 28 U.S.C. § 1447(c) is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 16th day of February, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE